BOARDMAN, Judge.
By amended information Vinson was charged with breaking and entering a dwelling house with intent to commit a felony, to wit: grand larceny, while armed with a dangerous weapon. He was found guilty by a jury and sentenced to fifty years in prison.
The evidence is overwhelming that appellant did break and enter with intent to steal property of some value while armed with a knife, and that he did, in fact, steal some property. He was apprehended shortly after the crime was reported and several items of stolen property were found in' his vehicle.
Appellant contends that the evidence did not sufficiently show that he had intent to steal property of the value of $100 or more. Such intent may be shown “. . . either by evidence of the market value of what was actually stolen or by ‘other evidence or circumstances.’ ” Platt v. State, Fla.App.2nd 1974, 291 So.2d 96. The state introduced into evidence the stolen items found in appellant’s possession to prove the appellant’s intent. However, in attempting to prove the value of these items the state proved only the original purchase price. In the ordinary case, evidence of the original purchase price is not sufficient to prove the market value of the stolen property at the time of the theft. Adams v. State, Fla.App.1st 1971, 242 So. 2d 723; Todd v. State, Fla.App.3rd 1966, 187 So.2d 908.
Had the items introduced been the only evidence of the appellant’s intent, we would be constrained to agree with appellant that the requisite intent had not been established. However, a review of the record does reflect other evidence from which the jury could have found, beyond a reasonable doubt, the requisite intent to commit grand larceny. The record reveals first that there were additional items of value on the premises. In addition, the evidence shows that a strong box was broken into which contained only non-negotiable securities, drawers were searched, and that appellant was prevented from completing whatever his mission may have been by the return of the occupants of the dwelling. The trial judge, in a bench conference, stated that the appellant “. . . was flushed out.” The record supports his observation. This combination of circumstances, in our judgment, is sufficient to support the jury’s conclusion that there was an intent to steal goods of a value in excess of one hundred dollars.
The other points raised by the appellant are without merit. Accordingly, the judgment appealed is
Affirmed.
*716 HOBSON, A. C. J., concurs.
GRIMES, J., concurs specially with opinion.