740 So.2d 71 (1999)
Anthony COSTANZ, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1928.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
*72 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals the trial court's order revoking his probation for moving without consent and for failure to pay court ordered sums. The defendant argues the trial court erred by revoking his probation because the revocation was based on grounds not alleged in the affidavit of violation and he lacked the ability to pay.
The state filed an affidavit of violation alleging the defendant violated his probation by moving without consent on or about October 1, 1995; however, the trial court based its order of revocation on a move in May, 1995. Although an affidavit of violation is not required to comply with the same specificities as an information, it must "allege the basic facts concerning the alleged violation, such as the nature, time, and place of the occurrence." Freiheit v. State, 458 So.2d 1172, 1173 (Fla. 4th DCA 1984). Furthermore, probation cannot be revoked on grounds not charged in the affidavit. See Joseph v. State, 615 So.2d 833, 834 (Fla. 4th DCA 1993). Thus, the trial court erred in revoking the probation based on the May move. However, we find no error with regard to the trial court's finding of ability to pay.
When it "cannot [be] determine[d] from the record whether the trial court would have revoked [the defendant's] probation and imposed the same sentence based solely on the ... valid grounds" remaining, an appellate court must reverse and remand. Mathis v. State, 683 So.2d 634, 637 (Fla. 4th DCA 1996). Because we cannot determine if the trial court would have imposed the same sentence, we reverse and remand for further proceedings.
*73 AFFIRMED in part; REVERSED AND REMANDED in part.
GUNTHER, GROSS and HAZOURI, JJ., concur.