839 So.2d 860 (2003)
John PICKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-459.
District Court of Appeal of Florida, Second District.
March 12, 2003.
*861 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
John Pickett appeals his conviction for grand theft, arguing that the State did not establish the fair market value of the stolen property. We agree and reverse for entry of a conviction and sentence for petit theft.
In June 2000 the Price Street Church of God was burglarized. Two speakers, a stereo receiver, two microphones, and a microphone stand were taken. Pickett was arrested and charged with burglary of a structure, grand theft in the third degree (based on a property value of $300 or more), and dealing in stolen property.[1] Following a jury trial, Pickett was convicted of the burglary and grand theft charges. He was sentenced as a habitual felony offender to ten years' imprisonment for the burglary and five years' imprisonment for the grand theft.
At trial, the State established that an amplifier, two speakers, and two microphones had been stolen. The amplifier had been purchased as a used piece of equipment three or four years before the theft for $369. The speakers were purchased two years before the theft for about $220. The microphones were purchased for $70.
To establish grand theft of the third degree, the State was required to prove that the value of the stolen property at the time of the theft was $300 or more. See § 812.014(2)(c), Fla. Stat. (2000); Toler v. State, 779 So.2d 594, 595 (Fla. 2d DCA 2001). Value may be established by direct testimony of fair market value or through *862 evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase. Negron v. State, 306 So.2d 104, 108 (Fla.1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); see Korica v. State, 791 So.2d 543, 544 (Fla. 2d DCA 2001) (recognizing the Negron factors to establish fair market value for restitution purposes). Testimony solely as to the cost of the property is insufficient to establish value at the time of the theft. Negron, 306 So.2d at 108; Vinson v. State, 300 So.2d 714, 715 (Fla. 2d DCA 1974).
Because the State only established the purchase price for the items and there was no evidence establishing their value at the time of the theft, we reverse the conviction and sentence for grand theft and remand for entry of a conviction and sentence for petit theft of the second degree. See § 812.014(3)(a). We affirm without comment the conviction and sentence for burglary.
Affirmed in part, reversed in part, and remanded.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] The State eventually dropped the charge of dealing in stolen property.