844 So.2d 823 (2003)
Frederick SODERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2796.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant was convicted of burglary and grand theft. He raises several points on appeal, only one of which merits discussion. Appellant contends that he was improperly convicted of grand theft because the state failed to introduce competent evidence that the value of the items stolen exceeded $300.00. § 812.014(2)(c)1, Fla. Stat. We agree and reverse his conviction and sentence on this charge.
Appellant burglarized an Allied Discount Tire store and removed several tools. At trial, the state established that the value of one of the tools, a clutch puller, was $100.00. No testimony was adduced, however, as to the value of the other items taken or attempted to be taken by Appellant from the premises. The owner of the tools, rather, testified that the cost of these items exceeded $300.00. Although the owner certainly would have been competent to testify as to the market value of the *824 stolen items, mere reference to the cost of these items is not sufficient to carry the state's burden to support a grand theft charge. Negron v. State, 306 So.2d 104 (Fla.1974); Kitt v. State, 834 So.2d 390, 391 (Fla. 2d DCA 2003).
The judgment and sentence on the grand theft charge, therefore, are reversed. This cause is remanded to the circuit court so that judgment may be entered for petit theft and sentence imposed accordingly. Because the reduction of the grand theft conviction to petit theft will require that the circuit court amend the sentencing scoresheet, Appellant's sentence on the burglary count is also reversed, and this cause is also remanded for re-sentencing on the burglary conviction.[1]
AFFIRMED in part; REVERSED in part and REMANDED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] Although the sentence imposed on Count I (burglary) is less than the statutory maximum and, therefore, legal, notwithstanding the amendment to the scoresheet, the trial judge might have considered the total score in determining what sentence is proper. Reconsideration of this sentence, therefore, is left to the discretion of the trial court, who may choose to impose the same sentence on this count.