864 So.2d 588 (2004)
D.H., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-434.
District Court of Appeal of Florida, Second District.
February 6, 2004.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
D.H. was found guilty of burglary of a dwelling and grand theft of the third degree. He challenges the sufficiency of the evidence for the grand theft charge, arguing that the State failed to prove the value of the stolen property. We agree that the testimony was insufficient to meet the State's burden of proof and, therefore, reverse and remand for the trial court to reduce the grand theft to petit theft.
The State was required to prove that the value of the stolen property at the time of the theft was $300 or more. See § 812.014(2)(c)(1), Fla. Stat. (2002); Pickett v. State, 839 So.2d 860, 861 (Fla. 2d DCA 2003). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase." Pickett, 839 So.2d at 861-62.
*589 The victim of the theft testified that her home was broken into and numerous items were taken, including a DVD player, computers, a Sony PlayStation 2, video games, jewelry, matchbox cars, baseball cards, cameras, and children's toys. She had paid $199.99 for the PlayStation 2 and paid between $14.99 and $39.99 for the various games. She thought she had six or seven games. The matchbox cars ranged in price from 69 cents to 99 cents each and she had 100 cars. No other testimony was adduced concerning the value of the items taken.
Although there was some testimony of the original cost of some of the items taken, there was no testimony of fair market value, of the manner in which the items were used, of the condition or quality, nor the percentage of depreciation. A number of cases have been reversed under circumstances similar to these. See Pickett, 839 So.2d 860; Weatherspoon v. State, 419 So.2d 404 (Fla. 2d DCA 1982); Soderman v. State, 844 So.2d 823 (Fla. 5th DCA 2003); I.T. v. State, 796 So.2d 1220 (Fla. 4th DCA 2001); Randolph v. State, 608 So.2d 573 (Fla. 5th DCA 1992). We reject the State's argument that the description of the items stolen, by their sheer number and type, indicates a value over $300. See Doane v. State, 847 So.2d 1015, 1018 (Fla. 5th DCA 2003).
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., concur.