FARMER, C.J.
Defendant was found guilty of, among other charges, three counts of grand theft. He appeals these three convictions, arguing that the State failed to present sufficient evidence as to the value of the stolen goods. We affirm two of the convictions, but conclude that the evidence was insufficient for the third charge.
It is well established that the market value of the stolen property at the time of the theft must be established beyond and to the exclusion of every reasonable doubt to sustain a grand theft conviction. Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002). If the market value cannot be ascertained, the replacement cost of the property within a reasonable time after the offense can be used to establish the value of the stolen goods. § 812.012(10)(a)1, Fla. Stat. (2004).
To withstand a motion for judgment of acquittal on-the value of stolen property, the “person testifying [must be] competent to testify as to the value of the property.” Gilbert, 817 So.2d at 982. Here, as to the third charge, the State failed to elicit competent testimony of value. The State concedes that the victim did not testify to the value of the property in question, but argues that its value can be determined from the testimony of a different victim whose stolen property was similar in make and age. The State’s argument doesn’t work because such evidence is not based on knowledge of this particular property. Cofield v. State, 474 So.2d 849, 850 (Fla. 1st DCA 1985) (deeming the testimony of a company security officer, who lacked personal knowledge of the value of the stolen goods, insufficient to establish value).
Accordingly, we reverse the conviction of grand theft for Count VII, reducing the conviction from grand theft to petit theft, and remand for resentencing. See I.T. v. State, 796 So.2d 1220, 1222 (Fla. 4th DCA 2001).
SHAHOOD and TAYLOR, JJ., concur.