958 So.2d 585 (2007)
Rashad JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2562.
District Court of Appeal of Florida, Second District.
June 22, 2007.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
*586 KELLY, Judge.
Rashad Jones appeals from his conviction for grand theft. He challenges the sufficiency of the evidence for the grand theft charge, arguing that the State failed to prove the value of the stolen property. We agree that the testimony was insufficient to meet the State's burden of proof and, therefore, reverse and remand for the trial court to reduce the grand theft to petit theft.
An essential element of third-degree grand theft is proof that the value of the stolen property is $300 or more at the time of the theft. § 812.014(2)(c)(1), Fla. Stat. (2005); Pickett v. State, 839 So.2d 860, 861 (Fla. 2d DCA 2003). "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)(1), Fla. Stat. (2005). Absent direct testimony of the market value of the property, the State can show value through evidence of the original market cost, the manner in which the item was used, its general condition and quality, and the percentage of depreciation since its purchase. Pickett, 839 So.2d at 861-62.
The victim testified that his truck had been broken into and that a telephone, some audiovisual and microphone cables, and approximately ten CDs had been taken. When asked the fair market value of the stolen telephone and cables he stated, "[t]hree to four hundred dollar (sic) is my best guess." Further questioning revealed that his "best guess" was based on the fact that his employer, who owned the telephone and the cables, kept his last paycheck of $400 to replace the lost equipment. The victim also stated that he paid between $142 and $200 for the stolen CDs.
Without more, neither a "best guess" as to replacement cost nor testimony establishing the original cost of stolen items suffice to prove fair market value. See id. (reversing the conviction for grand theft where the State only showed the purchase price for the stolen items and no other evidence of value was introduced); Toler v. State, 779 So.2d 594 (Fla. 2d DCA 2001) (holding that testimony that stolen property was worth "roughly" $300 was insufficient); Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002) (holding that evidence was insufficient where the owner guessed the value of her stolen VCR to be "like" $100).
Accordingly, we reduce Jones's conviction for grand theft to petit theft and remand this case to the trial court for resentencing.
Reversed.
VILLANTI and LaROSE, JJ., Concur.