970 So.2d 483 (2007)
S.A.S., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1120.
District Court of Appeal of Florida, Second District.
December 14, 2007.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
S.A.S., a juvenile, appeals his adjudication for third-degree grand theft. We reverse and remand.
An essential element of third-degree grand theft is proof that the value of the stolen property is $300 or more at the time of the theft. § 812.014(2)(c)(1), Fla. Stat. (2006). At the adjudicatory hearing the victim testified regarding the purchase price of the items she had obtained many years prior to the burglary. No other evidence was given to establish the value of the items at the time of the theft. "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)(1). Testimony only of the purchase price of an item without establishing the value at the time of the theft is insufficient to sustain a finding of guilt of third-degree theft. See Pickett v. State, 839 So.2d 860, 862 (Fla. 2d DCA 2003).
The evidence was insufficient to establish that the value of the victim's property at the time of the theft was more than $300. S.A.S.'s adjudication is reversed, and the matter is remanded to the trial court. On remand, the trial court is directed to reduce the grand theft to petit theft and enter a new disposition order. *484 See Jones v. State, 958 So.2d 585, 586 (Fla. 2d DCA 2007).
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.