DAMOORGIAN, J.
 

 The appellant, Kahli Ubiles, timely appeals the revocation of his probation and accompanying sentence. Ubiles was charged with seven counts of violating the terms of his probation. He challenges four of those counts, to wit: (1) possession of marijuana less than twenty grams; (2) and (3) possession of a concealed firearm by a felon; and (7) possessing a firearm. We reverse only the counts relating to possession of firearms and remand for further proceedings.
 

 The charges arose from a traffic stop. Three officers testified at the violation of probation hearing. Two of the officers
 
 *1290
 
 testified that they pulled Ubiles’s vehicle over for running a stop sign and for driving with excessively-tinted windows. The third officer arrived as backup. The vehicle’s windows were rolled up and, due to the dark tint on the windows, the officers could not see inside prior to the stop.
 

 After stopping the vehicle, one of the officers approached the passenger’s side of the vehicle, while the other officer approached the driver’s side. While in the vehicle, Ubiles was observed to be leaning forward, looking over his left shoulder, and moving his arms to his right. When he exited the vehicle and walked back toward the officers, he appeared to be extremely nervous. In response to the approaching officer’s request, he produced his license, but said that his insurance and registration were in the vehicle’s glove box. He gave the officer permission to get his insurance card and registration from the glove box, which was locked.
 

 Meanwhile, the officer approaching the passenger’s side of the vehicle realized that there was someone else inside the vehicle. The passenger was ordered to exit the vehicle and was searched. The officers noticed a strong odor of marijuana in the vehicle. They also observed a smoldering hand-rolled marijuana cigarette inside the passenger’s side door handle and burnt marijuana cigarettes in an open ashtray, which was accessible to the driver and the passenger. The marijuana cigarette found in the passenger side door handle was not visible to Ubiles. In addition, the officers found no drugs on Ubiles’s person. A duffle bag, found in the trunk of the vehicle, smelled like marijuana and contained leafy green substances with seeds and stems.
 

 The passenger had possession of a clip of bullets, $1200, and the car keys, which were used to open the glove box. Both the ignition key and the glove box key were on the same key ring. A search of the glove box revealed, in addition to the insurance card and vehicle registration, two firearms. Ubiles’s fingerprints were not found on either firearm. According to his registration, Ubiles had purchased the vehicle two weeks before the traffic stop.
 

 The passenger testified that his brother had borrowed Ubiles’s vehicle sometime before the traffic stop. On his way to return the vehicle to Ubiles, the passenger stopped at his girlfriend’s house, rolled two marijuana cigarettes, and smoked one. Upon arriving at Ubiles’s home, he extinguished the cigarette in the center ashtray.
 

 The passenger further testified that had $1200 in his pocket to buy Christmas gifts and that he lit another marijuana cigarette while he was in the car with Ubiles and put out the cigarette in the ashtray on the passenger’s side door. He also testified that Ubiles did not know about the duffle bag in the trunk or the ammunition clip.
 

 The passenger told the officers that the guns must belong to his brother, who had borrowed the car earlier that day. The passenger’s brother corroborated this testimony, confirming that he owned two guns, which he left in Ubiles’s vehicle when he borrowed it. The brother planned to return to the gun range later in the day but fell asleep.
 

 Ubiles contests the trial court’s ruling that he constructively possessed the marijuana and firearms in his vehicle. On this basis, he challenges the revocation of his probation.
 

 “To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation.”
 
 Shep
 
 
 *1291
 

 ard v. State,
 
 939 So.2d 311, 313 (Fla. 4th DCA 2006). “An appellate court reviews a trial court decision on violations of probation under an abuse of discretion standard.”
 
 Kaduk v. State,
 
 959 So.2d 817, 819 (Fla. 4th DCA 2007).
 

 Because the marijuana and firearms were not found on Ubiles’s person or in his exclusive possession, this is a case of constructive possession. Thus, the following standard applies:
 

 In order to establish constructive possession, the State must prove that the defendant had knowledge of the presence of the [contraband] and the ability to exercise dominion and control over the same. When a vehicle is jointly occupied, a defendant’s mere proximity to contraband is insufficient to establish constructive possession. Knowledge of and ability to control the contraband cannot be inferred solely from the defendant’s proximity to the contraband in a jointly-occupied vehicle; rather, the State must present independent proof of the defendant’s knowledge and ability to control the contraband.
 

 Martoral v. State,
 
 946 So.2d 1240, 1242-43 (Fla. 4th DCA 2007) (citations omitted).
 

 The testimony adduced at the violation of probation hearing leads us to the inescapable conclusion that Ubiles had knowledge of the marijuana in his vehicle because it was in plain view. We need look no further than the passenger’s testimony that he was smoking one of the marijuana cigarettes while Ubiles was driving, or the police officers’ testimony that there were burnt marijuana cigarettes in the open center ashtray, which was plainly visible from the driver’s seat. Thus, the State proved the knowledge element of constructive possession.
 
 See id.
 
 at 1243 (noting that the driver’s knowledge of marijuana in the vehicle could be inferred from evidence that the marijuana was in his line of sight);
 
 see also Duncan v. State,
 
 986 So.2d 653, 655 (Fla. 4th DCA 2008);
 
 Jiles v. State,
 
 984 So.2d 622, 623 (Fla. 2d DCA 2008).
 

 Moreover, because Ubiles owned and was driving the vehicle, and the marijuana was in plain view, it can also be inferred that he had dominion and control of the marijuana cigarettes in the ashtray.
 
 See Brown v. State,
 
 428 So.2d 250, 252 (Fla.1983) (holding that, where drugs are found in the plain view of the owner or resident occupant of the home, dominion and control may be inferred).
 
 Compare Martoral,
 
 946 So.2d at 1243 (suggesting that it may be inferred that a person who owns or regularly drives a vehicle has dominion and control of contraband in plain view),
 
 with Hively v. State,
 
 336 So.2d 127, 129 (Fla. 4th DCA 1976) (evidence was not sufficient to present a jury question on constructive possession of drugs where the vehicle did not belong to the defendant and other individuals had been seen in the vehicle shortly before the defendant drove it).
 

 Accordingly, the trial court did not abuse its discretion by determining that the State proved, by the greater weight of the evidence, that Ubiles possessed marijuana in violation of the terms of his probation.
 

 Unlike the marijuana, however, the firearms were not in plain view. They were in a locked glove box on the passenger’s side of the vehicle. The State did not produce any direct evidence that Ubiles had knowledge of the firearms, and the defense produced evidence that they belonged to the passenger’s brother. Nevertheless, the State argues that it proved knowledge of the firearms because Ubiles was seen possibly moving his arms toward the glove box when the police officers approached his vehicle and the key to the glove box
 
 *1292
 
 was on the same key ring as the ignition key. We do not find this evidence sufficient to establish Ubiles’s knowledge by a greater weight of the evidence.
 

 Brown v. State,
 
 8 So.3d 1187 (Fla. 4th DCA 2009), is instructive on this issue. In
 
 Brown,
 
 police found a black jewelry box containing Xanax in a vehicle’s center console.
 
 Id.
 
 at 1188. The defendant was the driver of the vehicle and had a passenger.
 
 Id.
 
 As one officer approached the vehicle, he saw the defendant close the center console.
 
 Id.
 
 We held that the trial court should have granted the defendant’s motion for judgment of acquittal on the charge of possession of Xanax because there was insufficient evidence that the defendant knew there was Xanax in the center console or had the ability to control the Xanax.
 
 Id.
 
 at 1189.
 

 Likewise, in this case Ubiles’s movement in the car is not sufficient to prove that he knew about the guns in the glove compartment. In fact, the evidence in this case is less compelling than the evidence in
 
 Brown
 
 because the officer testified only to seeing Ubiles possibly moving his arms to the right,
 
 in the direction of
 
 the glove compartment. The officer could not testify that Ubiles was doing anything with his hands. And, although Ubiles at one point controlled the key to the glove box, the passenger controlled the key for a short time after Ubiles exited the vehicle.
 

 Without sufficient evidence of knowledge, the State did not prove that Ubiles had constructive possession of the firearms. Accordingly, the trial court abused its discretion in ruling that Ubiles violated his probation by possessing those firearms. We thus reverse the counts that are based on possession of firearms. We also reverse the revocation of Ubiles’s probation and remand for further proceedings because the record does not make clear whether the trial court would have revoked his probation and imposed the same sentence based on the remaining probation violations.
 
 See Costanz v. State,
 
 740 So.2d 71, 72 (Fla. 4th DCA 1999).
 

 Affirmed in Part, Reversed in Part, and Remanded.
 

 HAZOURI and CIKLIN, JJ, concur.