*178
 
 TOWBIN SINGER, MICHELE, Associate Judge.
 

 The appellant, Leon Parker Davis, appeals the revocation of his probation and accompanying sentence. Davis was charged with two counts of violating the conditions of his probation, to wit: committing the crimes of 1) burglary of an unoccupied dwelling and 2) grand theft. We reverse only the count of grand theft and remand for further proceedings.
 

 At the probation violation hearing, Randolph Hubing testified that on the day of the incident, he was living in an efficiency located behind his landlord’s house. The house and the efficiency were surrounded by a fence with locked gates. There is an alley behind the house for garbage trucks and cars to use. The windows to the efficiency were closed and the fence gates were locked when he left for work that morning. Midday, Richard Aldrich, his landlord, called Hubing to tell him that his efficiency had been burglarized.
 

 When Hubing returned to his efficiency, he saw that the window screen was on the ground and the window was open. Almost everything in the efficiency was moved, showing someone had gone through everything. Hubing noticed that one of his bicycles, his computer and some other electronics were missing. A laundry basket with clothes in it was also missing. Hubing never recovered any of the missing items except for the bicycle.
 

 Hubing testified as follows about the value of the stolen items:
 

 Q And out of all the — let’s start with the computer, can you tell me how much that was?
 

 A I bought it new for about $700.
 

 Q How about the DVD player?
 

 A New for $150.
 

 Q The headphones?
 

 A Sixty.
 

 Q The class ring?
 

 A That was a long time ago, ma'am. I don’t know what it would be worth today. I’d say $50.
 

 Q Okay. And how about the camera?
 

 A $150.
 

 Q Okay.
 

 Hubing also testified that he bought the bicycle used for $100.
 

 Aldrich, the landlord, testified that he left work early that day and arrived home between 11:00 A.M. and 1:00 P.M. He looked out his kitchen window and saw a man walking inside his fenced backyard. The man was walking with a bicycle which Aldrich recognized as belonging to Hub-ing. (The bicycle was easily recognizable because of its green color and the milk carton attached behind the seat.) Aldrich watched the man push the bicycle through the back gate of the fence into the back alley.
 

 Aldrich immediately called 911. The police arrived a few minutes later. He provided the police with a description of the individual and the bicycle. Within minutes, the police found Davis walking with the bicycle a few blocks away from Ald-rich’s house. Davis and the bicycle matched the descriptions given by Aldrich. Aldrich subsequently identified Davis as the person he had seen in his backyard. At the probation violation hearing, Aldrich testified that too much time had passed since the incident and he could not make a positive in-court identification of the person he had seen in his backyard.
 

 Defense counsel moved to dismiss the violation arguing that (1) the burglary charge was not proven because Aldrich did not identify Davis in court; (2) the grand theft charge was not proven because the value of the property had to be over $100 and the only property found in his posses
 
 *179
 
 sion was the bicycle; and (3) the state’s evidence failed to refute the defendant’s hypothesis of innocence that he found the bicycle in the alley after it was ditched by the burglar. The trial court denied the motion. After arguments, the trial court found that Davis had knowingly, willfully and intentionally violated his probation by committing the offense of burglary of a dwelling and grand theft.
 

 “To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation.”
 
 Ubiles v. State,
 
 23 So.3d 1288, 1290 (Fla. 4th DCA 2010) (quoting
 
 Shepard v. State,
 
 939 So.2d 311, 313 (Fla. 4th DCA 2006)). “An appellate court reviews a trial court decision on violations of probation under an abuse of discretion standard.”
 
 Ubiles,
 
 23 So.3d at 1291 (quoting
 
 Kaduk v. State,
 
 959 So.2d 817, 819 (Fla. 4th DCA 2007)). Recognizing the relaxed standards of a revocation hearing, there must still be sufficient evidence to show that a probationer committed the offense charged.
 
 See, e.g., Collins v. State,
 
 446 So.2d 268 (Fla. 2d DCA 1984) (in revocation proceedings, a finding of grand theft was improper because the state did not prove the value of the property stolen, but a finding of petit theft was not precluded).
 

 Davis argues that the state failed to refute his hypothesis of innocence that he merely found the bicycle in the alley and was cutting through the backyard to get to the street in front of the house. We disagree. There was sufficient evidence for the trial court to have found that Davis committed a burglary and a theft. Aldrich testified that he saw Davis walking between his house and the efficiency inside the fenced-in yard. Davis was walking with a bicycle which Aldrich recognized as belonging to Hubing. Hubing testified that his bicycle was in his efficiency when he left for work that morning. Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference of guilt of theft and burglary.
 
 See Francis v. State,
 
 808 So.2d 110 (Fla.2001);
 
 see also Kerr v. State,
 
 954 So.2d 692 (Fla. 4th DCA 2007) (citing
 
 T.S.R. v. State,
 
 596 So.2d 766 (Fla. 5th DCA 1992) (“unexplained possession of recently stolen property is not only sufficient to support theft conviction, but when burglary necessarily occurs as adjunct, inference of guilt from unexplained possession of recently stolen goods also supports conviction for burglary”)). Here, the state presented evidence that Davis possessed the bicycle which recently had been stolen from inside Hub-frig’s efficiency.
 

 Although Aldrich could not make a positive identification of Davis at the probation violation hearing as the person he saw with the bicycle, both he and the officer testified that Aldrich made a positive identification of Davis on the day of the burglary. Moreover, the officer testified at the hearing that Davis was the same person who Aldrich identified on the date of the burglary. Accordingly, the trial court did not abuse its discretion by determining that the state proved, by the greater weight of the evidence, that Davis committed a burglary in violation of the terms of his probation.
 

 Davis next argues that the state presented insufficient evidence to prove that he committed grand theft. As previously discussed, the state clearly presented sufficient evidence for the court to find that Davis committed a theft. The only issue is whether the state presented sufficient evidence of the stolen property’s value to sustain a violation for grand theft.
 

 “Value may be established by direct testimony of fair market value or through
 
 *180
 
 evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase.”
 

 D.H. v. State,
 
 864 So.2d 588, 588 (Fla. 2d DCA 2004) (quoting
 
 Pickett v. State,
 
 839 So.2d 860, 861-62 (Fla. 2d DCA 2008)).
 

 In
 
 D.H.,
 
 the victim testified that numerous items were stolen including a DVD player, computers, a Sony PlayStation 2, video games, jewelry, matchbox cars, baseball cards, cameras, and children’s toys. She had paid $199.99 for the PlayStation 2, between $14.99 and $39.99 for the six or seven games stolen, and $.69 to $.99 for the 100 matchbox cars. There was no other testimony of the fair market value or of any other means of establishing value. The court held this testimony was insufficient to prove the value was over $300 and rejected “the state’s argument that the description of the items stolen, by their sheer number and type, indicates a value over $300.”
 
 Id.
 
 at 589.
 

 A review of the testimony concerning the value of the property stolen in this case indicates that there was no testimony about their present value. Hubing testified only as to what he paid for the items, except for the class ring. With respect to the ring, he estimated that it was worth $50 today. The state argues that based upon the number and nature of items stolen in this case, a minimum value of at least $300 could be found. As in
 
 D.H.,
 
 the state’s argument must be rejected.
 
 [1]
 

 Based upon the foregoing, the trial court’s finding of grand theft was improper. Rather, there is sufficient evidence for the court to find that a petit theft was proven. We, therefore, reverse the revocation of Davis’s probation and remand for further proceedings because the record does not make clear whether the trial court would have revoked his probation and imposed the same sentence based on the remaining probation violation.
 
 See Ubiles,
 
 23 So.3d at 1292;
 
 Costanz v. State,
 
 740 So.2d 71, 72 (Fla. 4th DCA 1999).
 

 Reversed and Remanded for Farther Proceedings.
 

 TAYLOR and CIKLIN, JJ., concur.
 

 [1]
 

 . It is not clear from the affidavit of violation of probation under which section of the theft statute the state was operating. It could have been section 812.014(2)(c) 1., Florida Statutes (2008), which provides: "It is grand theft of the third degree and a felony of the third degree, ... if the property stolen is: 1. Valued at $300 or more, but less than $5,000.” Or it could have been section 812.014(2)(d), which provides: "It is grand theft of the third degree and a felony of the third degree ... if the property stolen is valued at $100 or more, but less than $300, and is taken from a dwelling as defined in s. 810.011(2) or from the unenclosed curtilage of a dwelling pursuant to s. 810.09(1)."
 

 Pursuant to the state's argument to the court, it appears that the state was proceeding under the first section above and believed it had shown property stolen valued at more than $300. Even if the amount necessary to prove grand theft was only $100 under section 812.014(2)(d), the state still did not meet its burden.