VILLANTI, Judge.
 

 Anthony Carter seeks review of his convictions and sentences for one count of burglary of a dwelling and one count of grand theft. We affirm the conviction and sentence for burglary of a dwelling without further comment. However, because the State failed to offer sufficient proof of the value of the item stolen, we reduce Carter’s conviction for grand theft to petit theft and remand for resentencing.
 

 At trial, the State presented testimony that Carter was seen removing a TV from the victim’s residence, placing it in a car, and driving away. The victim testified that he had left the house about an hour earlier and that no one had permission to enter the house and take his TV. As to the value of the TV, the victim testified that it was a 29" flat-screen TV, possibly made by Sharp. The victim’s girlfriend had purchased the TV about a month before the theft. The victim did not know how much the TV cost, but he testified that his girlfriend purchased it on a payment plan and that he was giving her “60 or 80 bucks” a month toward the payment plan. He did not know how long the payment plan was, but he testified that he was still making those payments as of trial, which was ten months after the theft.
 

 Given this testimony, there is no dispute that the State presented sufficient evidence to prove that Carter committed a theft. However, Carter correctly contends that the State did not present sufficient evidence of the value of the stolen property to sustain a conviction for grand theft.
 

 To prove third-degree grand theft, the State must prove that the stolen property was “valued” at $300 or more but less than $5000. § 812.014(2)(c)(l), Fla. Stat. (2009).
 
 [1]
 

 “Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l). When direct testimony of fair market value of the stolen item is not available, the supreme court has set forth “four factors which the trier of fact can consider in ascertaining market value ... :(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation.”
 
 State v. Hawthorne,
 
 573 So.2d 330, 332 (Fla.1991) (citing
 
 Negron v. State,
 
 306 So.2d 104 (Fla.1974),
 
 receded from on other grounds by F.B. v. State,
 
 852 So.2d 226 (Fla.2003), and
 
 Butterworth v. Fluellen,
 
 389 So.2d 968 (Fla.1980)). “Fair market value takes into consideration not only the purchase price, but the manner in which the item was used, its condition and depreciation.” Kor
 
 ica v. State,
 
 791 So.2d 543, 544 (Fla. 2d DCA 2001).
 

 K.W. v. State,
 
 983 So.2d 713, 715 (Fla. 2d DCA 2008);
 
 see also D.H. v. State,
 
 864 So.2d 588, 588 (Fla. 2d DCA 2004) (“ ‘Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase.’ ” (quoting
 
 Pickett v.
 
 
 *851
 

 State,
 
 839 So.2d 860, 861-62 (Fla. 2d DCA 2003))). And because value is an element of the offense of grand theft, the State must prove the value of the stolen property beyond a reasonable doubt.
 
 Negron v. State,
 
 306 So.2d 104, 108 (Fla.1974),
 
 receded from on other grounds by F.B. v. State,
 
 852 So.2d 226 (Fla.2003);
 
 Evans v. State,
 
 452 So.2d 1040, 1041 (Fla. 2d DCA 1984);
 
 Steffen v. State,
 
 901 So.2d 950, 951 (Fla. 4th DCA 2005).
 

 When the State offers evidence of solely the purchase price of an item without any testimony establishing the value at the time of the theft, courts have found the evidence insufficient to sustain a conviction for grand theft. For example, in
 
 D.H.,
 
 the victim testified that “her home was broken into and numerous items were taken, including a DVD player, computers, a Sony PlayStation 2, video games, jewelry, matchbox cars, baseball cards, cameras, and children’s toys.” 864 So.2d at 589. The victim testified that:
 

 [s]he had paid $199.99 for the PlayStation 2 and paid between $14.99 and $39.99 for the various games. She thought she had six or seven games. The matchbox cars ranged in price from 69 cents to 99 cents each and she had 100 cars. No other testimony was adduced concerning the value of the items taken.
 

 Although there was some testimony of the original cost of some of the items taken, there was no testimony of fair market value, of the manner in which the items were used, of the condition or quality, nor the percentage of depreciation.
 

 Id.
 
 This court reversed the grand theft conviction because the State’s evidence was insufficient to establish the “value” of the items.
 
 Id.
 
 In doing so, this court rejected the State’s presumptuous argument “that the description of the items stolen, by their sheer number and type, indicates a value over $300.”
 
 Id.
 

 Similarly, in
 
 Davis v. State,
 
 48 So.3d 176, 178 (Fla. 4th DCA 2010), the victim testified that he had purchased the computer that was stolen for about $700, the DVD player for $150, the headphones for $60, and the camera for $150 and that his class ring was worth about $50. He also testified that the bicycle that was stolen had been purchased used for $100.
 
 Id.
 
 The State offered no evidence as to when any of the items had been purchased, how they were used, or what their present value was.
 
 Id.
 
 The Fourth District found that this evidence was insufficient to prove that the value of the items stolen was more than $300.
 
 Id.
 
 at 180. And as this court did in
 
 D.H.,
 
 the Fourth District in
 
 Davis
 
 refused to accept the State’s argument that the number and nature of the items stolen could support a finding of value of at least $300.
 
 Id.
 

 Here, the State presented even less evidence than that found legally insufficient in
 
 D.H.
 
 and
 
 Davis.
 
 In this case, the State not only offered no evidence as to present value, it also offered no evidence as to the original market cost of the TV, the manner in which it was used, the condition or quality of the item, or the percentage of depreciation since its purchase. Instead, the sole evidence was that the victim’s girlfriend had purchased the TV approximately one month before the theft, that they were making payments on a payment plan, and that the payments were somewhere between $60 and $80 per month. The State offered no evidence of the make or model of the TV or even the type of TV. The State also offered no evidence to establish whether the sole item on the payment plan was the stolen TV. Given this utter lack of evidence, the State failed to prove beyond a reasonable doubt that the value of the stolen TV was more than $300,
 
 *852
 
 and the trial court should have granted Carter’s motion for judgment of acquittal on the grand theft count.
 

 Hence, because the State failed to prove an essential element of the charge of grand theft, we must reverse Carter’s conviction and sentence for grand theft. However, because the State’s evidence was sufficient to establish that a theft occurred, we remand for the trial court to reduce Carter’s grand theft conviction to a conviction for petit theft and to resentenee Carter accordingly.
 
 See
 
 § 924.34, Fla. Stat. (2009) (providing that when the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser offense, “the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser ... offense”);
 
 [2]
 

 see also
 
 § 812.014(3)(a) (providing that when the State proves the theft of property “not specified in subsection (2),” the State proves the offense of petit theft);
 
 Jones v. State,
 
 958 So.2d 585, 586 (Fla. 2d DCA 2007) (reducing defendant’s conviction from grand theft to petit theft when the State failed to prove the value of the items stolen).
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 . While it appears that the State could have charged Carter under section 812.014(2)(d), which defines third-degree grand theft to in-elude theft from a dwelling of property valued at $100 or more, the State did not do so in this case.
 

 [2]
 

 . In
 
 State v. Sigler,
 
 967 So.2d 835, 845 (Fla.2007), the Florida Supreme Court held that section 924.34 is "unconstitutional only to the extent that it can be read to allow the appellate court to direct entry of judgment for a lesser-included offense when all of the elements of the lesser-included offense have not been found by a jury beyond a reasonable doubt.” The limitation recognized in
 
 Sigler
 
 does not apply because the jury clearly found that Carter committed a theft and it is simply the degree of that crime at issue.