NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TIMOTHY WAYNE WIECHERT,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Case No. 2D14-1937
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed July 1, 2015.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender, and
Allyn M. Giambalvo, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jason M. Miller, Assistant
Attorney General, Tampa, for Appellee.


VILLANTI, Chief Judge.


⠀⠀⠀⠀⠀⠀Timothy Wayne Wiechert appeals his convictions for one count of burglary

of an unoccupied dwelling and one count of third-degree grand theft. We affirm

Wiechert's burglary conviction without comment. However, because the State failed to

introduce sufficient evidence to prove the value of the stolen items beyond a reasonable

doubt, as statutorily required, we must reverse Wiechert's conviction for third-degree grand theft and remand for entry of a conviction for petit theft and resentencing.

The State chose to charge Wiechert with grand theft under section 812.014(2)(c)(1), Florida Statutes (2013), which requires the State to prove through competent, substantial evidence that the value of the property stolen was "$300 or more, but less than $5,000."[1]  At trial, the victim testified that a safe was stolen from his residence, for which he had paid "around a hundred dollars or so, a hundred-fifty at Home Depot."  He believed that he had purchased the safe about two years before the theft.  Inside the safe were "birth certificates, Social Security cards, titles to vehicles – you know, important paperwork, stuff like that."  He said that if he had to replace the items, it would be "whatever the Tax Collector's Office would charge you which is about a hundred, hundred-and-a-half or so."  He testified that he had replaced one of the titles and that he recalled having to pay "a hundred dollars or so," but he also testified that "[a]t the time I was transferring the title over to my son, so I don't know exactly how much" was for the transfer rather than the replacement of the title.

In addition to the safe and its contents, the victim testified that the thief took one pair of "work" Levi's jeans, two jackets, one t-shirt, and a grey duffle bag from his house.  The victim had paid $200 each for the jackets, one of which was purchased in 2008 and the other in 2007.  He paid about $20 for the t-shirt the same year it was stolen.  He did not recall when he purchased the jeans or for how much, and he

---

[1]We note that the State could have chosen to charge Wiechert with third-degree grand theft under section 812.014(2)(d), Florida Statutes (2013), which makes it a third-degree felony to steal property valued at $100 or more, but less than $300, from a dwelling.  However, the State did not charge Wiechert under this statute; therefore, it was obligated to prove that the value of the items stolen was $300 or more.

believed that the duffle bag had been a promotional gift from one of his suppliers. The State did not elicit any testimony concerning the condition of any of the clothing or its replacement cost or current value.

At the close of the State's case, Wiechert moved for a judgment of acquittal, arguing that the State had failed to present sufficient evidence of value to support a conviction for grand theft. The trial court denied this motion, and Wiechert was convicted as charged. He now appeals, arguing that the trial court erred by denying his motion for judgment of acquittal on the grand theft charge because the State's proof of value was legally insufficient.

The degree of a theft conviction generally depends on proof of the value of the items stolen, and hence the value of the stolen goods constitutes an element of the crime that the State must prove beyond a reasonable doubt. See, e.g., Negron v. State, 306 So. 2d 104, 108 (Fla. 1974), receded from on other grounds by F.B. v. State, 852 So. 2d 226 (Fla. 2003); Carter v. State, 77 So. 3d 849, 851 (Fla. 2d DCA 2012). "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)(1). When direct testimony concerning fair market value is not available, the State may establish value through evidence of "(1) original market cost; (2) the manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation." State v. Hawthorne, 573 So. 2d 330, 332 (Fla. 1991). Hence, "[f]air market value takes into consideration not only the purchase price, but the manner in which the item was used, its condition and depreciation." Korica v. State, 791 So. 2d 543, 544 (Fla. 2d DCA

- 3 -

2001).  Even considering these options for proving value, "[i]f the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100."  § 812.012(10)(b).  Theft of property valued at less than $100 constitutes petit theft, which is a second-degree misdemeanor.  See § 812.014(3)(a).

To obtain Wiechert's conviction under section 812.014(2)(c)(1), the State was required to prove beyond a reasonable doubt that the value of the property he stole was at least $300.  However, the State's evidence was legally insufficient to establish this value.  The victim offered no evidence as to the market value of the safe or the clothing at the time of the offense.  Instead, he testified only to purchase prices that were from two to seven years ago.  The State also did not offer any evidence of the replacement cost of the safe or the clothing, nor did it offer any evidence of the manner in which the items were used, their general condition or quality, or any applicable depreciation.  Arguably, the State presented some evidence of the replacement cost of the vehicle titles; however, that evidence was limited to the victim's "guesstimate" that some portion of approximately $100 he paid to transfer the vehicle title to his son was for the replacement of the title.  This evidence, standing alone, was insufficient to constitute proof beyond a reasonable doubt that the cumulative value of the stolen items exceeded $100, much less that it exceeded the $300 necessary to obtain a conviction under section 812.014(2)(c)(1).  Therefore, the trial court should have granted Wiechert's motion for judgment of acquittal on the charge of third-degree grand theft, and its refusal to do so was error.

- 4 -

Accordingly, we reverse Wiechert's grand theft conviction and remand with directions that the trial court reduce that conviction to one for second-degree petit theft. See § 924.34, Fla. Stat. (2013) (providing that when the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser offense, "the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser . . . offense"); see also Carter, 77 So. 3d at 852 (reducing defendant's conviction from grand theft to petit theft when the State failed to prove the value of the items stolen); Jones v. State, 958 So. 2d 585, 586 (Fla. 2d DCA 2007) (same). In addition, because this change in convictions will affect Wiechert's Criminal Punishment Code scoresheet, on remand the trial court must resentence Wiechert using a corrected scoresheet.

Affirmed in part, reversed in part, and remanded for further proceedings.


ALTENBERND and KELLY, JJ., Concur.