NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GERALD LEWIS CIANI,                )
                                   )
        Appellant,               )
                                   )
v.                                 )        Case No.   2D14-227
                                   )
STATE OF FLORIDA,                  )
                                   )
        Appellee.                )
_____)

Opinion filed October 9, 2015.

Appeal from the Circuit Court for
Pinellas County; Michael F. Andrews,
Judge.

Benjamin G. Deberg, St. Petersburg,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

        Gerald Ciani appeals from his judgment and sentence for grand theft. We

find merit only in his argument that the State failed to sufficiently establish the fair

market value of the stolen property. We reverse and remand for the entry of a judgment for petit theft.

Mr. Ciani was charged with the theft of tools belonging to his employer, Sam Malatia. Mr. Malatia testified at trial that Mr. Ciani failed to return a tool kit purchased the year before for $300 or $400, a drill purchased for $289, and at least six batteries worth $50 each. It cost him almost $600 to replace the tools Mr. Ciani stole. Mr. Malatia claimed that he kept all of his tools in very good condition. A representative of the hardware store where the tools were purchased confirmed that Mr. Malatia bought the tool kit a year earlier for between $300 and $400. He estimated the cost of the drill Mr. Malatia purchased to be $199. Based on this evidence, the trial court ruled that the State had failed to carry its burden of proving the market value of the stolen property. The court found, however, that Mr. Malatia's testimony that he had replaced the tools for almost $600 was enough to show that the value of the stolen property was more than $300.

In order to establish third-degree grand theft, the State must prove that the property stolen was valued at $300 or more, but less than $5000. § 812.014(2)(c)(1), Fla. Stat. (2013). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase." Pickett v. State, 839 So. 2d 860, 861-62 (Fla. 2d DCA 2003). Because value is an element of the offense, it must be proven beyond a reasonable doubt. Carter v. State, 77 So. 3d 849, 851 (Fla. 2d DCA 2012).

Mr. Malatia testified as to the original cost of the tools, the manner in which they were used, and their condition. Lacking from his testimony, however, was any opinion as to depreciation in the tools' value since the time of purchase. The trial court correctly found that the evidence was insufficient to prove the market value of the stolen tools. See Mitchell v. State, 917 So. 2d 1056, 1057 (Fla. 2d DCA 2006) (holding that market value was not established by evidence of the purchase price of stolen items where no evidence was offered as to any depreciation in value since their purchase); Bloodsaw v. State, 994 So. 2d 378, 380 (Fla. 3d DCA 2008) (holding that, although the State asked an electrician about the cost, manner of use, and condition of his stolen tools, the failure to ask the owner's opinion regarding depreciation rendered the testimony insufficient to establish the fair market value of the tools).

The State can introduce evidence of the replacement cost of stolen property if the market value at the time and place of the offense cannot be satisfactorily ascertained. § 812.012(10)(a)(1). The trial court relied on Mr. Malatia's testimony that it cost almost $600 to buy new tools as evidence of replacement value. However, this reliance was in error since the evidence failed to establish the cost to replace the stolen tools with similar tools that were a year old. See Newland v. State, 117 So. 3d 482, 484 (Fla. 2d DCA 2013) (holding that replacement cost evidence was insufficient where the owner of a stolen air conditioner did not provide any testimony of the cost to replace the stolen air conditioner unit with a similar unit about one to two years old).

Accordingly, we reduce Mr. Ciani's conviction for grand theft to petit theft and remand for resentencing. See § 812.014(3); Carter, 77 So. 3d at 852 (reversing Carter's conviction for grand theft and remanding for entry of judgment for the lesser

offense of petit theft where the evidence was insufficient to prove the value of the stolen items, but was sufficient to prove that a theft had occurred).

Reversed and remanded for resentencing.

SILBERMAN and WALLACE, JJ., Concur.