CONNER, J.
Darrell Lanard Grace appeals the trial court’s order finding him in violation of his probation and sentencing him to ten years in prison. Grace makes two arguments on appeal: (1) there was no proof that he violated the condition that he not have unsupervised contact with a person under the age of eighteen because there was no nonhearsay evidence presented proving the age of the female with whom he was seen, and (2) there was no evidence that he willfully' violated probation, since there was no evidence that he knew the female was under the age of eighteen, as charged in the affidavit of violation. We affirm as to the first argument, without discussion; however, we reverse after determining that the second argument has merit. '
Grace was initially sentenced on one count of lewd and lascivious battery to fifteen years of sex offender probation. Subsequently, a violation of probatibn affidavit was filed, alleging that Grace violated his probation “by having unsupervised contact with a child under the age of 18” and “by failing to comply with all instructions given to him by the probation officer,” for having the same contact.
At the violation of probation (“VOP”) hearing, Grace’s former probation officer (“former PO”) and current probation officer (“current PO”) testified. The former PO received an anonymous phone call stating that Grace was at a store with a sixteen-year-old female wearing black leggings and a black T-shirt with “Security” lettering, and carrying a red purse. Both POs proceeded to an area behind a restaurant, which was Grace’s “residence” since he was homeless, to perform a curfew check. When they arrived, they- found Grace in his “usual” spot, under a tree, and alone. The two then drove around to see if they could find someone matching the description of the minor who the anonymous caller stated was with Grace, and finding no one, returned to check' on Grace again at his designated area.
Upon returning, both POs saw Grace talking to a female matching the clothing description given by the anonymous caller, and “[w]hen she- was getting ready to leave, they did kiss.”- The current PO stated that the female “possibly” looked under eighteen. The current PO called the Fort Lauderdale Police Department, and when two detectives arrived, she went with one to locate the female, who they found, in a nearby parking-lot. The detective and the current PO learned the female’s name and, upon discovering she was a runaway, returned her to her mother. *947 The detectives did not testify during the VOP hearing.
The former PO testified that she conducted an administrative search of Grace’s belongings, and found in' his backpack a notebook that said: “I love Grace,” with the female’s ñame and “XOXO” on it: The former PO also searched Grace’s phone, and found a picture of the female’s arm with a tattoo, which said “Donna,” the name of the female’s mother.' .
The detective who found the female asked her about Grace, whereupon the female stated that they were “friends,” and indicated that she had known- Grace for “probably days, maybe weeks. I don’t remember exactly.” The other detective searched Grace’s phone, and found two notes contained in the phone: , .
Note 12: “You are my life and my world. When you are not around me, all I think about is your laugh, your smile, your hands on me, your kisses, your true love for me. I love you.”
Note 13: “Grace and [the female’s first name redacted], April 31,2014,”
The only evidence presented regarding the female’s age came from the double hearsay testimony of what the female and her mother said. There was no hearsay or nonhearsay testimony that the female -told Grace her age.
Grace argued that a violation of the probation condition of no unsupervised contact with a minor was not a matter of strict liability, arid that the.State failed to proye Grace knew that the female was under the age of eighteen. The trial court found that Grace had willfully and substantially violated his .probation by having unsupervised contact with a person under the age of eighteen, and by failing to comply with the probation officers’ instructions by the same conduct. The trial court revoked Grace’s probation and sentenced him to ten years in prison, followed by five years of sex offender probation. Grace gave notice of appeal.
Although “[w]e review a trial court’s decision on violations of probation for an abuse of discretion,” M.A.L. v. State, 110 So.3d 493, 498 (Fla. 4th DCA 2013) (citing Ubiles v. State, 23 So.3d 1288, 1290-91 (Fla. 4th DCA 2010)), here, there was no evidence that Grace committed a willful violation of his probation, since there was no evidence presented that Grace was aware of the fact that the female was under the age of eighteen. There were no admissions by Grace, -and the female, who did not testify at the hearing, also made no statements indicating that Grace kneiv of her age. Although the State presented evidence of an on-going relationship between Grace and the female, for possibly as. long as weeks, we do not agree that fact supports a finding that Grace .had knowledge of her age.
Additionally, although the current PO testified that the female “possibly” looked under the age of eighteen, that testimony does not provide sufficient proof that Grace had knowledge of the female’s age by the greater weight of the evidence.
Therefore, we reverse the trial court’s order, and remand for further proceedings consistent with this opinion.
TAYLOR and MAY, JJ„ concur.