NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ADAM TELTSCHIK,                              )
                                             )
                 Appellant,                  )
                                             )
v.                                           )          Case No. 2D17-1810
                                             )
STATE OF FLORIDA,                            )
                                             )
                 Appellee.                   )
_____  )

Opinion filed October 24, 2018.

Appeal from the Circuit Court for Polk
County; Wayne Durden, Judge.

Howard L. Dimmig, II, Public Defender,
and Carol J. Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


KELLY, Judge.

        Adam Teltschik appeals from his judgment and sentences for burglary of a

structure and third-degree grand theft.  He argues that the trial court erred in denying

his motion for judgment of acquittal for the grand theft charge because the State failed to prove the value of the stolen items. We agree and reverse.

To establish third-degree grand theft the State must prove that the property stolen was "[v]alued at $300 or more, but less than $5,000." § 812.014(2)(c)(1), Fla. Stat. (2016). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase." Pickett v. State, 839 So. 2d 860, 861-62 (Fla. 2d DCA 2003). The State can introduce evidence of the replacement cost of stolen property if the market value at the time and place of the offense cannot be satisfactorily ascertained. § 812.012(10)(a)(1). Because value is an element of the offense, it must be proven beyond a reasonable doubt. Carter v. State, 77 So. 3d 849, 851 (Fla. 2d DCA 2012).

Mr. Teltschik was charged with the theft of tools and maintenance equipment from the Four Seasons Golf Resort. Daniel White, the grounds superintendent, testified about the missing items. Mr. White's testimony did not satisfy the criteria for proving value beyond a reasonable doubt. Mr. White gave the purchase price for some items but did not testify about depreciation. For other items he testified about their use and current condition but did not testify about the purchase price or depreciation. For one item he appeared to testify regarding replacement value but there was no testimony that fair market value could not otherwise be established. Thus, the State did not prove the value of the items stolen. See Ciani v. State, 177 So. 3d 656, 658 (Fla. 2d DCA 2015) (holding that, although the owner of stolen property testified as

to the original cost of the stolen tools, the manner in which they were used and their condition, evidence of market value was lacking because he gave no opinion as to depreciation in the tools' value since the time of purchase); Newland v. State, 117 So. 3d 482, 483-84 (Fla. 2d DCA 2013) (holding that replacement cost evidence was insufficient where the owner of a stolen air conditioner did not provide any testimony of the cost to replace the stolen air conditioner unit with a similar unit about one to two years old). While common sense would allow a reasonable juror to conclude beyond a reasonable doubt that the several thousands of dollars in tools and equipment described by Mr. White was worth at least $300, the supreme court has been clear that common sense has no role in proving value in these circumstances.[1] See Marrero v. State, 71 So. 3d 881, 889 (Fla. 2011) ("The application of a 'life experience' exception to any criminal statute, including the criminal theft statute, is inconsistent with the uniform system of justice that both the Florida and Federal Constitutions require and should not be left to the whim of individual jury members."). Accordingly, we reverse the conviction for grand theft and remand for entry of a judgment for second-degree petit theft and for resentencing for the lesser offense.

---

[1]Mr. White testified about a one-month-old chainsaw in great condition that cost $170 new and had been used around five times, but he was not asked about depreciation. He testified about two six-month-old acetylene torches that cost $500 new, but again, nothing about depreciation. He testified that a three-year-old compressor would cost over $200 to replace, but gave no testimony that fair market value could not be ascertained. He claimed that a working sod cutter of unspecified age cost $4000 "years ago," but gave no other information about the item. He testified that a one-year-old commercial weed eater in good condition would "probably" cost $450 to replace but gave no testimony that fair market value could not be ascertained. He stated that a one-and-a half-year-old pole saw that was "barely used" cost $1100 new, but gave no testimony regarding depreciation. He also testified that an industrial fan would "probably cost" over a "couple hundred" to replace and that assorted stolen tools probably cost $75 to $100.

Reversed and remanded with instructions.

LaROSE, C.J., and MORRIS, J., Concur.