DAUKSCH, Judge.
Petitioner, the State of Florida, seeks cer-tiorari review of an order entered by the circuit court in its appellate capacity. We have jurisdiction. See Fla. RApp. P. 9.030(b)(2)(B).
The respondent, Lester W. Bagley, was charged with simple battery (§ 784.03(1), Fla. Stat. (1995)) after being arrested during a domestic dispute. Bagley’s first trial in the county court resulted in a mistrial.
On retrial, police officers testified that they responded to a 911 call placed by the victim, Christy Williams. Williams was crying and upset with severe swelling on the side of her face. She told the officers that Bagley hit her about the body and face approximately nine times and Williams signed a written statement to this effect.
The officers discovered Bagley hiding on the roof of Williams’ house. On the way to jail Bagley stated that Williams “aggravated him into doing what he did, so he did it.” Bagley also stated that Williams would not press charges and that this was the sixth time an incident like this had occurred.
At trial Williams testified that Bagley is her fiancee. She admitted alleging in her written statement that he had hit her about nine times but said that her earlier written statement and statements to the police were false. She also said that she had falsely reported that Bagley had hit her because she was intoxicated and mad at him. Williams testified that her bruises had come from a fight she was involved in earlier that evening.
*1247 Bagley moved for an acquittal. This motion was denied. Thereafter, the jury returned a guilty verdict and the trial court adjudicated Bagley guilty and sentenced him. Bagley appealed to the circuit court asserting that Williams’ prior inconsistent statements were not sufficient to support the conviction. On appeal, the circuit court entered an order reversing the battery conviction based on Williams’ recantation testimony. The court held that this recantation testimony created a reasonable doubt under the circumstances that could not be overcome. We disagree.
In State v. Green, 667 So.2d 756 (Fla.1995), the court held that prior inconsistent and uncorroborated statements cannot constitute the only substantive evidence to sustain a conviction. See also State v. Moore, 485 So.2d 1279 (Fla.1986). That is not the case here. It was evident at trial that Williams wanted to save her fiancee from conviction. However, direct and circumstantial evidence was presented to the jury which supports the conviction. Evidence of the wounds to Williams, her crying and upset condition together with Bagley’s flight to the roof and his admissions against interest corroborate Williams’ earlier statements. Her attempt to retract these statements at trial presented a question for the jury. Ample evidence was presented to support the conviction.
We find the circuit court departed from the essential requirements of the law in reversing Bagley’s conviction and sentence. Thus, the appellate order of the circuit court is quashed and the conviction and sentence reinstated.
WRIT GRANTED; ORDER QUASHED; CONVICTION AND SENTENCE REINSTATED.
GRIFFIN, C.J., and ANTOON, J., concur.