PER CURIAM.
R.T.L., a juvenile, appeals his battery conviction arguing that the trial court erred in denying his motion for judgment of acquittal where the only evidence of intent was based upon a prior inconsistent statement from the victim, R.T.L.’s mother. We agree and reverse.
The state filed a delinquency petition alleging that R.T.L. committed a domestic battery upon his mother by touching or striking her against her will. In her written statement given prior to trial, the victim stated that she and her son had engaged in a physical struggle over a book which she suspected contained drugs hidden by R.T.L. According to the victim’s statement, R.T.L. grabbed her by the arms and shoved her with the book, leaving an abrasion on her left arm.
At the delinquency hearing, the victim testified that during their “tug of war,” she bruised her arm after R.T.L. unexpectedly let go of the book. She denied that her son deliberately touched her with the book and claimed her injury was an accident. *872 The victim did admit to having made a previous contradictory written statement but testified that she recalled events more clearly at trial than at the time of the incident. The investigating police officer also testified as to having observed some bruises and abrasions on the victim’s left arm. Photographs taken of the injuries were admitted into evidence.
Following the close of the evidence, the trial judge denied R.T.L.’s motion for judgment of acquittal and ultimately found R.T.L. delinquent for battery. In our review of the lower court’s ruling denying the defense motion for judgment of acquittal, we must determine whether the state introduced competent substantial evidence to support the guilty verdict. See Welty v. State, 402 So.2d 1159 (Fla.1981). It is well-settled that R.T.L., as the moving party, admits to all the facts introduced in evidence and that any and all reasonable inferences must be drawn in favor of the state. See McConnehead v. State, 515 So.2d 1046 (Fla. 4th DCA 1987).
We begin our analysis by recognizing that the supreme court has previously held that a prior inconsistent statement is, by itself, insufficient to prove guilt beyond a reasonable doubt. See State v. Moore, 485 So.2d 1279 (Fla.1986). See also State v. Green, 667 So.2d 756 (Fla.1995). It follows, therefore, that the state in this case cannot rely upon the victim’s prior inconsistent statement as the sole evidence of intent, a necessary and indispensable element of the charge of battery.[1] While there is independent evidence establishing that the victim suffered a bodily injury as a result of an altercation with her son, we find no other evidence that corroborates her prior statement that R.T.L. committed an intentional touching.
This case is easily distinguished from State v. Bagley, 697 So.2d 1246 (Fla. 5th DCA 1997), relied upon by the state. In Bagley, the female victim recanted at trial her earlier statements that the defendant had repeatedly struck her. However, other evidence corroborated her earlier statements, including the flight of the defendant and his admissions made to the officer at the scene. No such corroboration is present in this case.
Because the only evidence offered by the state to prove the element of intent arose from the prior inconsistent statements of the victim, the evidence is insufficient to support a conviction for battery. Accordingly, the judgment and sentence are hereby reversed.
WARNER, C.J., STEVENSON, J., and OFTEDAL, RICHARD, Associate Judge, concur.

. The offense of battery occurs when a person actually and intentionally touches or strikes another person against the will of the other or intentionally causes bodily harm to another person. See § 784.03(1)(a), Fla. Stat. (1999).