779 So.2d 594 (2001)
Sharon TOLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4012.
District Court of Appeal of Florida, Second District.
February 16, 2001.
James Marion Moorman, Public Defender, and Alfonso M. Saldana, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Sharon Toler, challenges her conviction and sentence for burglary of a dwelling and grand theft in the third degree. Appellant raises several issues on appeal; however, the only point meriting discussion is appellant's assertion that the evidence was not sufficient to support her conviction for grand theft. Because the State did not meet its evidentiary burden, we reverse appellant's grand theft conviction and reduce the conviction to petit theft.
This case arose from appellant entering a home and removing a television. The only evidence presented at trial as to the value of the television was given by the owner of the property. When asked whether the value of the television was in excess of $300, the owner responded, "Roughly, uh-huh." The owner testified that she had purchased the television a week earlier; however, the State did not elicit any testimony concerning how much she paid for the television.
*595 Grand theft in the third degree requires that the value of the property stolen be $300 or more. See § 812.014(2)(c), Fla.Stat. (1997). "Proof of the element of value is essential to a conviction for grand theft and must be established by the state beyond and to the exclusion of every reasonable doubt." Evans v. State, 452 So.2d 1040, 1041 (Fla. 2d DCA 1984). In this case, the owner's use of the term "roughly" indicates that she was estimating the value of the property at around $300. The inference from this testimony was that the television could be valued at slightly more or less than $300. Thus, the owner's testimony was not sufficient to establish that the value of the property was $300 or more. Based on the evidence presented at trial, the State failed to meet its evidentiary burden, and appellant's motion for judgment of acquittal should have been granted.
Accordingly, we affirm appellant's conviction and sentence for burglary of a dwelling. We reduce appellant's conviction for grand theft to petit theft and remand this case for resentencing.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and GREEN, J., concur.