PER CURIAM.
I.T. appeals from a disposition order and delinquency adjudication of guilt for burglary of a conveyance and grand theft. We affirm the burglary adjudication, but reverse for the trial court to reduce the grand theft adjudication to petit theft.
John Mutch and his brother visited a wooded area in Fort Lauderdale to see a property that they planned to buy. They had parked Mutch’s car near the woods and walked onto the property. After approximately three minutes, the brothers walked out and observed a blue Chevrolet next to Mutch’s car.
While the appellant sat in the driver’s seat, another juvenile (“co-defendant”) was removing items from Mutch’s car. As the brothers approached, the appellant started driving down the road. The brothers began chasing the juveniles.
Jim Skellion, a police officer, happened to be nearby. He saw the brothers chasing the boys, and noticed that appellant was driving along, but would pull up for the co-defendant to catch up. The officer conducted a traffic stop and the brothers approached to inform the officer that the duffle bag in the appellant’s car belonged to Mutch’s brother. The duffle bag contained a GPS (global positioning satellite), a camera, and fishing equipment.
At trial, Mutch testified that the duffle bag contained a GPS receiver, probably worth two or three hundred dollars, and a camera “worth at least that much.” He testified that his brother had stated that the contents of the bag were worth about one thousand dollars. Defense counsel objected on the grounds that Mutch did not testify that he had personal knowledge of the value of the items or that he had received any information of the items’ value from his brother. The trial court overruled the objection as to personal knowledge, but sustained a subsequent hearsay objection. The state then established that Mutch had seen the contents of the bag, which according to him, contained “a fair amount of things.” Mutch stated that “the contents would have to be worth at least one thousand dollars.”
Appellant argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove the value of the property involved. This point is two-pronged. Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). First, we must ascertain whether Mutch, the owner of the vehicle, was competent to testify as to the value of his brother’s property. Second, if he was competent, we must determine whether the evidence below was sufficient to prove that the property was worth over $300.
“With regard to the first prong ... an owner is generally presumed as *1222 competent to testify to the value of his stolen property. The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property.” Id. at 1193 (citation omitted). Mere ownership, however, is insufficient, and the witness must have personal knowledge of the property. Id.
Here, Mutch testified that the items stolen from his vehicle belonged to his brother. The state presented no evidence to establish that Mutch had personal knowledge of the items’ value or condition. Further, he did not testify as to the market value of the items at the time of the theft. See Negron v. State, 306 So.2d 104, 108 (Fla.1974)(state must establish value at the time of the theft); Jones v. State, 616 So.2d 186 (Fla. 4th DCA 1993); see e.g., Massey v. State, 575 So.2d 1372, 1373 (Fla. 4th DCA 1991)(owner demonstrated cost of stolen bicycle by testifying as to the purchase price and the costs expended on improving the bicycle and its condition at the time of the theft); see also Randolph v. State, 608 So.2d 573 (Fla. 5th DCA 1992)(state failed to prove that value of stolen property was over $300 where it presented no description of the stolen items or testimony as to their age or condition; no evidence of purchase price or replacement cost); S.M.M. v. State, 569 So.2d 1339 (Fla. 1st DCA 1990)(victim had no personal knowledge of value of stolen item because the item had been a gift; not competent to establish value at time of theft); In the Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989)(insufficient to establish market value at time of theft where owner estimated value at “about 300 [dollars], something like that”); Evans v. State, 452 So.2d 1040 (Fla. 2d DCA 1984)(Sears manager failed to establish market value of stolen coats; only testified as to Sears’ retail value, but did not state specific values or introduce price tags); Weatherspoon v. State, 419 So.2d 404 (Fla. 2d DCA 1982)(owner failed to establish that value of stolen television was over $100).
Because the state failed to prove beyond a reasonable doubt the value of the items and, thus, the degree of the crime, we reverse the adjudication of delinquency for grand theft and remand with directions to adjudicate I.T. delinquent for petit theft.
AFFIRMED in part; REVERSED in part and REMANDED with instructions.
GROSS and TAYLOR, JJ., concur.
POLEN, C.J., concurs in result only.