817 So.2d 980 (2002)
Luther GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1097.
District Court of Appeal of Florida, Fourth District.
May 29, 2002.
*981 Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Luther Gilbert was charged by information with committing the offenses of burglary of a dwelling, grand theft and resisting arrest without violence on November 11, 2000. Following a jury trial, he was found not guilty of burglary and guilty of grand theft and resisting arrest without violence. He was sentenced to ten years as a habitual felony offender for the grand theft offense and to time served for the resisting arrest offense. He appeals his conviction and sentence for the grand theft offense, arguing the trial court erred when it denied defense counsel's motion for judgment of acquittal on the charge of grand theft as the State presented insufficient evidence that the value of the stolen property exceeded $300.
At trial, the State relied upon the testimony of Kathleen Washington to establish the value of the stolen property. During direct examination, Washington identified a Sega Dreamcast video game, headphones and a VCR, which were found in Appellant's possession at the time of his arrest, as items stolen from her home. The prosecutor *982 asked her the following questions regarding the value of the property:
Q: Could you tell me roughly, walking through each of the items, can you tell me approximate value that you paid for them, that they were worth?
A: Dreamcast was two hundred dollars. Headphones, forty-five. VCR like one hundred.
Q: How long have you had them?
A: Couple of months.
(Emphasis added). A photograph of the items was submitted into evidence.
At the conclusion of the State's case, defense counsel moved for a judgment of acquittal on the charge of grand theft, arguing that the State did not establish the market value of the property allegedly stolen. The trial court found that Washington's testimony was sufficient to allow the case to go to the jury and denied the motion.
On review of a lower court's ruling on a motion for judgment of acquittal, the appellate court determines whether the state introduced competent substantial evidence to support the guilty verdict. See R.T.L. v. State, 764 So.2d 871, 872 (Fla. 4th DCA 2000). The defendant, as the moving party, admits all the facts introduced into evidence and all reasonable inferences that may be drawn therefrom in favor of the state. See id.
For a conviction for grand theft, the State must establish the market value of the stolen property at the time of the theft beyond and to the exclusion of every reasonable doubt. See Negron v. State, 306 So.2d 104, 108 (Fla.1974) (overruling on other grounds recognized by State v. Van Johnson, 386 So.2d 1316 (Fla. 4th DCA 1980), and State v. Pernell, 388 So.2d 1105 (Fla. 4th DCA 1980)).
In I.T. v. State, 796 So.2d 1220 (Fla. 4th DCA 2001), this court adopted a two pronged test for determining whether the evidence adduced at trial to prove the value of the stolen property is sufficient to withstand a motion for judgment of acquittal. First, the court must ascertain whether the person testifying is competent to testify as to the value of the property. Id. at 1221. This court explained:
"With regard to the first prong ... an owner is generally presumed as competent to testify to the value of his stolen property. The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property." [Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983)] (citation omitted). Mere ownership, however, is insufficient, and the witness must have personal knowledge of the property. Id.

Id. at 1221-22.
Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft. Id. Absent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction. See Negron, 306 So.2d at 108; Taylor, 425 So.2d at 1193.
The evidence is insufficient to prove the value of the property is over $300, where the value of the property is estimated and no other proof is presented. See I.T., 796 So.2d at 1222 (evidence insufficient where person testifies that two of the items are probably worth two or three hundred dollars and a third item was "worth at least that much"); Moore v. State, 183 So.2d 563 (Fla. 4th DCA 1966) *983 (testimony that cost of replacing stolen item was approximately $300 where the approximation was not directed solely to stolen item); Toler v. State, 779 So.2d 594 (Fla. 2d DCA 2001) (owner's testimony that property was "roughly" in excess of $300 insufficient); In Interest of F.R., 539 So.2d 588, 590 (Fla. 1st DCA 1989) (evidence insufficient where owner estimated property's value at "about 310 [dollars], something like that").
In this case, Washington was competent to testify as she was the owner of the property. However, the state asked only for a rough estimate or an approximate cost of the items. Washington testified, "Dreamcast was two hundred dollars. Headphones, forty-five. VCR like one hundred." The State argues that while the prosecutor asked her for the approximate cost, she responded with the actual cost of the Dreamcast video game and headphones. However, the same cannot be said of the VCR as it is apparent that she was guessing that the cost was $100. Additionally, the state failed to elicit testimony on the condition of the property at the time of the theft.
Based on the aforementioned case law, the State failed to establish the total market value of the Sega Dreamcast video game, headphones and the VCR at the time of the theft exceeded $300. Accordingly, Appellant's conviction is reduced from grand theft to petit theft and the case is remanded for resentencing. See I.T., 796 So.2d at 1222; Jones v. State, 616 So.2d 186 (Fla. 4th DCA 1993); Toler, 779 So.2d at 595.
Reversed and remanded.
WARNER and SHAHOOD, JJ., concur.