834 So.2d 390 (2003)
Reginald KITT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1545.
District Court of Appeal of Florida, Second District.
January 15, 2003.
*391 James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Affirmed.
ALTENBERND and KELLY, JJ., Concur.
CASANUEVA, J., Concurs with opinion.
CASANUEVA, Judge, Concurring with opinion.
I fully concur in the court's affirmance. I write to discuss an evidentiary issue of some concern.
Mr. Kitt was charged with grand theft of a trailer valued at three hundred dollars or more. At trial, the value of the trailer was hotly disputed; Mr. Kitt claimed that he should have been found guilty of petit theft, at most.
In addition to photographs taken of the trailer when it was recovered, the State presented the testimony of Terry Campfield, the trailer's owner; Donald Ray Smith, the salesman who sold Mr. Campfield the trailer; and David Cope, one of Mr. Campfield's employees. Through these witnesses the State presented evidence of the condition of the trailer when it was new and at the time it was stolen, not even three months later. Mr. Campfield testified that he paid $1760 for the new, customized trailer in March 1999. He used it for hauling trash and often left it outdoors at construction sites, so it sustained substantial wear and tear. Mr. Cope testified that he had accidentally damaged the front of the trailer by ramming it with a forklift and tearing a hole in it. The trailer was scratched, was rusted in two places, and had no hubcaps. Prominently painted on its side were the number "10" and an advertisement for the business that said "Light and Heavy Hauling."
Although the State's witnesses presented evidence of original market cost, the manner in which it had been used, and its general condition, they were not specifically questioned about the amount of depreciation or the trailer's market value at the time of the theft. Thus, the issue was whether the trailer's value had been reduced below the grand theft threshold.
An essential element of the crime of grand theft in the third degree is proof that the value of the property stolen is three hundred dollars or more. § 812.014(2)(c), Fla. Stat. (1997). "`Proof of the element of value is essential to a conviction for grand theft and must be established by the state beyond and to the exclusion of every reasonable doubt.'" Toler v. State, 779 So.2d 594, 595 (Fla. 2d DCA 2001) (quoting Evans v. State, 452 So.2d 1040, 1041 (Fla. 2d DCA 1984)).
To prove value, the State is required to establish the market value of the stolen property at the time of its unauthorized taking. Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002). Generally, the owner of property is presumed to be competent to testify as to the value of his stolen property. Platt v. State, 291 So.2d 96, 99 (Fla. 2d DCA 1974). However, if the State fails or is otherwise unable to present direct testimony of the property's market value, "proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction." Gilbert, 817 So.2d at 982 (citing Negron v. State, 306 So.2d 104, 108 (Fla.1974), receded from on other grounds, Butterworth v. *392 Fluellen, 389 So.2d 968 (Fla.1980); and Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983)).
In Jackson v. State, 413 So.2d 112 (Fla. 2d DCA 1982), this court crafted a narrow exception for certain extraordinary cases where specific proof of value is missing. We held in Jackson that where, by the very nature of the property stolen, reasonable persons could not doubt that its value exceeded the statutory threshold of value for grand theft, the State's proof would be deemed sufficient. In Jackson, the item stolen was a 37-foot 1980 Hunter sailboat less than one year old. The sailboat's appraised value of $55,000 was not admissible based upon a well-taken hearsay objection. However, the court cautioned that this exception should apply only in those instances when the minimum value is undisputable.
In this case, although the witnesses testified regarding the trailer's price when new and its physical condition, there was no testimony as to its market value at the time it was stolen, after it had sustained what the owner admitted was a great deal of wear and tear. However, the State's photographs of the trailer from all angles supplied the missing link to determine value. From these pictures the jury could evaluate the trailer's value and condition, particularly the damage that it sustained while in Mr. Kitt's possession. The photographs demonstrate that the trailer was a substantial piece of inventory in Mr. Campfield's business and was worth well over three hundred dollars despite the wear and tear it had endured. Thus, Mr. Kitt's challenge to his conviction based upon the value of the stolen property has no merit.