954 So.2d 74 (2007)
Willie MANSFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-347.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
*75 Paul Morris of Law Offices of Paul Morris, P.A., Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Willie Mansfield, appeals from his conviction for burglary of a structure with a battery, grand theft, and battery. The evidence showed that Mansfield walked into the lobby of the corporate offices of Bennett Auto Supply in Broward County and, finding no one at the reception desk, entered an office located in the reception area but separate and distinct from the reception desk. From that office, *76 Mansfield took a laptop computer and then left the building. Darryl Smith, an employee of Bennett Auto Supply, had been using the office but was momentarily absent from that office when Mansfield entered it. As Smith was returning to the office, he saw Mansfield walk out with the laptop. Smith proceeded to chase after Mansfield in order to retrieve the laptop. When Smith tried to stop Mansfield, an altercation ensued during which Smith was bitten on the hand by Mansfield. Another employee called the police, and Mansfield was arrested.
Mansfield raises six issues on appeal, three of which merit discussion. He first argues that his motion for judgment of acquittal on the burglary charge should have been granted because the area where the burglary took place was open to the public. "[I]f a defendant can establish that the premises were open to the public, then this is a complete defense." Miller v. State, 733 So.2d 955, 957 (Fla.1998) (citations omitted) (emphasis in original). However, the jury instruction for burglary states in pertinent part: "A person may be guilty of this offense if he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public." Fla. Std. Jury Instr. (Crim.) 13.1. Generally, determining whether an area is open to the public is a question of fact for the jury to decide. See Johnson v. State, 786 So.2d 1162, 1164 (Fla.2001). Although in some cases, it has been held that there was no evidence which showed that a reasonable person would conclude that a particular area was not open to the public, see, e.g., Savage v. State, 832 So.2d 807 (Fla. 2d DCA 2002), in this case a question of fact was raised. Therefore, the trial court properly denied the motion for judgment of acquittal.
Mansfield also asserts that the trial court erred in denying his motion for judgment of acquittal on the charge of grand theft because the state failed to prove the essential element of value. We agree. In order to prove grand theft, the state must prove that the value of the laptop was greater than $300. § 812.014(2)(c)1, Fla. Stat. (2005). Section 812.012(10)(a)1, Florida Statutes (2005), defines "value" as "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense."
In Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002), this court cited I.T. v. State, 796 So.2d 1220 (Fla. 4th DCA 2001), in which this court adopted a two-pronged test for determining whether the evidence adduced at trial to prove the value of the stolen property is sufficient to withstand a motion for judgment of acquittal. First, the court must ascertain whether the person testifying is competent to testify to the value of the property. Id. at 1221. This court explained:
"With regard to the first prong . . . an owner is generally presumed as competent to testify to the value of his stolen property. The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property." [Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983)] (citation omitted). Mere ownership, however, is insufficient, and the witness must have personal knowledge of the property. Id.

I.T., 796 So.2d at 1221-22.
Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft. Id. Absent direct testimony of the market value of *77 the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction.
Gilbert, 817 So.2d at 982.
The witness in this case and his testimony meet neither of the prongs. The employee, Smith, did not own or buy the laptop. He just used it. He did not testify about the condition of the computer, other than that it worked. As to the second prong, Smith did not testify as to the value at the time of the theft. He testified only that the original invoice for the laptop indicated that the cost was $1900 at the time of its purchase five years earlier. This testimony was based upon his seeing the purchase invoice, not through his personal knowledge of the cost. He did not testify as to its depreciation since its purchase.
In Doane v. State, 847 So.2d 1015 (Fla. 5th DCA 2003), during a burglary, two computer monitors, two central processing units, two keyboards, a scanner, a printer, and a 35 mm Nikon camera were taken from the victim's office. The victim testified that he paid $1588 for one of the computers and $320 for the scanner at least three years before. The victim explained that the other computer was purchased by his property manager and he could not recall how much it was other than it was "several thousand dollars." Id. at 1017. It cost him more than $3000 to replace the computers, but he did not buy the identical models. The district court found that although the testimony was competent, it was insufficient to prove that the property was worth over $300 at the time of the theft. The state did not offer direct testimony of the market value, the manner in which it had been used, its general condition and quality, or its depreciation percentage. "Furthermore, as computer equipment can become obsolete very quickly, the value of the stolen equipment was not `so obvious as to defy contradiction.'" Id. at 1018 (citation omitted).
Because the state failed to prove beyond a reasonable doubt the value of the laptop was greater than $300, the conviction for grand theft is reversed and we remand with directions to enter a judgment for petit theft.
Finally, Mansfield argues and the state concedes that double jeopardy precludes his conviction for both burglary with a battery and misdemeanor battery. Because we affirm Mansfield's conviction for burglary with a battery, the misdemeanor battery conviction must be vacated.
Affirmed in Part, Reversed in Part and Remanded.
WARNER and POLEN, JJ., concur.