PER CURIAM.
Appellant Willie Mansfield appeals the summary denial of his pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the trial court’s order as to claims 1-2 and 6-7 of the motion, but reverse summary denial as to points 3-5 and remand for further proceedings.
Appellant was convicted after a jury trial of burglary of a structure with battery, grand theft, and battery after he allegedly entered a business looking for employment, stole a laptop computer, then struck a current employee outside the premises. Appellant gave a statement to police upon arrest, denying he entered the business structure and claiming self-defense when *526 accosted by three employees of the business. This statement was introduced by both the State and defense at trial, constituting the only evidence in support of the self-defense theory presented by appellant. Appellant’s direct appeal resulted in an opinion which rejected his sufficiency of the evidence argument as to his burglary with battery conviction, but vacated his battery conviction as violating double jeopardy and reduced his grand theft conviction to petit theft. Mansfield v. State, 954 So.2d 74, 76-77 (Fla. 4th DCA 2007). He then timely filed the pending motion for post-conviction relief, raising seven claims, all denied by the trial court without hearing.
We agree with the trial court that summary disposition was appropriate as to four of the grounds for post-conviction relief presented by appellant, specifically points 1-2 and 6-7. However, the remaining claims require further proceedings in the trial court. Appellant’s third ground for post-conviction relief alleged that despite his desire to testify concerning his self-defense claim, trial counsel failed to inform the trial court of this fact. Appellant had stated in open court in response to questioning by the trial court that he would not be presenting any evidence or witnesses on his behalf. While appellant’s in-court waiver of his right to testify would support a finding that the waiver was voluntary, a separate question not answered by the colloquy was whether counsel’s advice not to testify was reasonable under the circumstances; if not, appellant’s waiver would not be voluntary due to misad-vice. See, e.g., Lott v. State, 931 So.2d 807, 819 (Fla.2006); Visger v. State, 953 So.2d 741, 745 (Fla. 4th DCA 2007) (advice not to testify unreasonable where only defendant could supply testimony supporting defense to burglary charge). Thus, remand on this issue is necessary for the trial court to either attach additional portions of the record, if any, refuting appellant’s allegations or hold an evidentiary hearing on this claim. Simon v. State, 47 So.3d 883, 886 (Fla. 3d DCA 2010).
Appellant’s fourth ground for post-conviction relief alleged that the trial court erred in instructing appellant’s jury on the “forcible felony” portion of Florida Standard Jury Instructions in Criminal Cases 3.6(g) (“the use of force not likely to cause death or great bodily harm is not justified if you find [appellant] was attempting to commit, committing, or escaping after the commission of a burglary”), as doing so effectively directed a verdict against appellant’s self-defense claim. Subsequent to the decision on appellant’s direct appeal in Mansfield v. State, 954 So.2d 74 (Fla. 4th DCA 2007), the Florida Supreme Court modified instruction 3.6(g) to prohibit giving the instruction where, as here, the defendant is not charged with an independent forcible felony beyond the charge to which the self-defense claim applies. In re Standard Jury Instructions in Criminal Cases, 976 So.2d 1081, 1084 (Fla.2008); Martinez v. State, 981 So.2d 449, 453 (Fla.2008). The Florida Supreme Court in Martinez held that an erroneously-given forcible felony instruction does not per se constitute fundamental error where no contemporaneous objection is raised at trial, and the parties did not utilize the instruction in arguing for or against self-defense to the jury during closing argument, or the evidence for self-defense was weak or improbable. 981 So.2d at 456. Since the portions of the record relied on by the trial court did not include the opening statements or closing arguments of the parties, this issue must likewise be reversed and remanded for attachment of portions of the record justifying summary disposition or for the trial court to hold an evidentiary hearing.
Finally, appellant’s fifth ground for post-conviction relief alleged trial counsel should have moved for curative instruction *527 and/or mistrial when the trial court sustained two objections to questioning by the State of the police officer who took appellant’s post-arrest police statement which asked whether the officer thought appellant’s answers were “evasive.” Despite these objections both being sustained, the officer’s “yes” response to one of the questions was not stricken from the record. Clearly this line of questioning was improper as soliciting an opinion on appellant’s truthfulness, Charles v. State, 683 So.2d 583, 584 (Fla. 4th DCA 1996), and since the only evidence introduced at trial on the question of self-defense was contained in the police statement, any improper discrediting of the statement had the potential to prejudice appellant. Accordingly, remand for further proceedings is also required as to this claim.

Affirmed in part, Reversed in part and Remanded for further proceedings consistent with this opinion.

POLEN, CIKLIN and GERBER, JJ., concur.