PER CURIAM.
Luis A. Masonett was charged with burglary of a dwelling, possession of burglary tools, and grand theft from a dwelling. Following a jury trial, he was convicted of all charges and sentenced to fifteen years on the burglary charge, as a prison release reoffender, and five years as to the other two offenses, all counts to run concurrently. Masonett appeals his conviction and sentence for the grand theft offense, arguing that the trial court erred in denying his motion for judgment of acquittal because the State failed to provide sufficient evidence regarding the value of the stolen property. We reverse the grand theft conviction, and remand for the entry of a judgment and sentence for petit theft.[1]
At trial, the only evidence presented as to the stolen items or their value was through the testimony of the victim of the theft, which reflected the following information about the stolen property: Carolina Herrera perfume, which the victim received as a gift in 2010; a DVD player that was a gift to her son; a camera which cost $149.00; two cell phones, which had originally cost $59.00 each, but were old and had already been upgraded; and a bag for her son’s oxygen equipment. The victim also testified that, as of the time of trial, she had not attempted to replace any of the missing items.
At the close of the State’s case, defense counsel moved for a judgment of acquittal, arguing that the State failed to establish the value of the stolen items. However, the trial court denied the motion.
In reviewing a denial of a motion for judgment of acquittal, “the appellate court determines whether the State introduced competent substantial evidence to support the guilty verdict.” Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002). In moving for a judgment of acquittal, the defendant “admits all facts introduced in evidence, and every fair and reasonable inference must be drawn in favor of the State.” Sanchez v. State, 101 So.3d 1283, 1285-86 (Fla. 4th DCA 2012) (citing Maglio v. State, 918 So.2d 369, 374 (Fla. 4th DCA 2005)). A motion for judgment of acquittal should not be granted unless, “when viewed in a light most favorable to the State, the evidence does not establish a prima facie case of guilt.” Jackson v. State, 76 So.3d 1130, 1131 (Fla. 4th DCA 2012).
The grand theft from a dwelling charge required proof that the value of the stolen property was $100 or more, but less than $300. § 812.014(2)(d), Fla. Stat. (2013). The term “value” is defined as “the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)l, Fla. Stat. (2013). Because the victim had not attempted to replace any of the stolen property, in order to make a prima facie case for grand theft, the State had to establish “the market value of the stolen property at the time of the theft beyond and to the exclusion of *589 every reasonable doubt.” Gilbert, 817 So.2d at 982.
In order to determine whether the evidence presented at trial to establish the value of the stolen property was sufficient to overcome a motion for judgment of acquittal, we apply a two-pronged test. Id. The first prong requires the court to decide whether the person testifying is competent to testify as to the value of the stolen property. Id. Generally, the owner is considered competent to do so, as he or she would necessarily have knowledge about the quality, cost and condition of his or her property. Id. This first inquiry is satisfied in the instant case, as the person testifying to the stolen items was the victim. Second, the court must ascertain whether the evidence adduced at trial is sufficient to prove the value at the time of the theft. Id. In discerning whether the evidence presented sufficiently proves the value of the items at that time of the theft, we have previously explained that
[ajbsent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction.
Id.; Lucky v. State, 25 So.3d 691, 692 (Fla. 4th DCA 2010).
In the instant ease, there was no direct testimony regarding the market value of the property. Notably, with regard to electronics, this court has previously held that the “purchase price alone is generally insufficient to establish the value of such property in theft cases.” Lucky, 25 So.3d at 692 (explaining that “[ejlectrical components like televisions, computers, and stereo systems are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices”). Therefore, the testimony that the Canon camera cost $149.00 and the two outdated cell phones originally cost $59.00 each is not sufficient to establish the market value of those electronic items at the time they were stolen. Moreover, testimony as to how much was paid for the items, without testimony regarding the present market value, is insufficient to establish the total value of the stolen property. Davis v. State, 48 So.3d 176,180 (Fla. 4th DCA 2010).
Furthermore, with regard to the DVD player, perfume, and the bag for oxygen equipment, the State did not present any testimony as to the original market cost, when the items were purchased, the manner in which they were used, their condition or quality, or the percentage of depreciation. Therefore, the evidence presented, or lack thereof, failed to sufficiently establish the value of the items at the time of the theft beyond and to the exclusion of every reasonable doubt. As such, there was insufficient evidence to support a conviction for the grand theft charge, and the trial court erred in denying' Masonett’s motion for judgment of acquittal.
Accordingly, we reverse the conviction for grand theft from a dwelling and remand to the circuit court for the entry of a judgment of guilt for second-degree petit theft.

Reversed and Remanded.

STEVENSON, TAYLOR and CONNER, JJ., concur.

. Section 924.34, Florida Statutes (2013), provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.