Forst, J.
Appellant Alex Sirmons appeals his convictions and sentences for four counts, including robbery with a deadly weapon. We affirm without comment Appellant’s claims of error with regard to the admission of certain evidence and the trial court’s exercise of its discretion in denying Appellant’s request for a surrebuttal argument. We find merit, however, in Appellant’s claims of error with regard to his motion for judgment of acquittal for grand theft and an error on his scoresheet. We therefore reverse and remand.
Background
The victim in this case testified that Appellant and several other individuals jumped him, Appellant hit him in the face with a gun, and the victim’s cell phone and thirty dollars in cash were stolen. In addition to counts of robbery with a deadly weapon, aggravated assault with a deadly weapon, and aggravated battery with a deadly weapon, Appellant was also charged with grand theft in the third degree, requiring the value of the theft to be at least $300. See § 812.014(c)l., Fla. Stat. As noted above, the State introduced evidence that thirty dollars in cash was stolen along with a cell phone. The only evidence of the phone’s value was the victim’s testimony that he paid “like 3 hundred” for the phone. A jury convicted Appellant on all four charges, including grand theft.
Prior to sentencing, a scoresheet was prepared, setting forth the four charges noted above, as well as an additional count of aggravated assault, a charge for which Appellant was not convicted. The score-sheet contained an additional eighteen points for this erroneously-included charge. These additional points pushed Appellant’s minimum sentence from the correct 86,85 months to an incorrect 100.35 months for all four of the charges that resulted in convictions, and caused the maximum sentence for two of the charges to be raised by the same amount. The State concedes that the scoresheet was erroneously calculated, but maintains it was harmless error as Appellant’s sentences would have been the same even without the error.
Analysis
The value of property for grand theft must be shown either through direct testimony of the market value or “through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase.” Mansfield v. State, 954 So.2d 74, 76-77 (Fla. 4th DCA 2007) (quoting Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002)). The State’s rebanee solely on the victim’s “like 3 hundred” estimation was not competent, substantial evidence of the phone’s value being over the necessary $270 ($300-$30). The trial court therefore erred in denying Appellant’s motion for *89 judgment of acquittal on this count. We accordingly reverse and remand for the trial court to enter a judgment of guilt of petit theft rather than grand theft. See Gilbert, 817 So.2d at 983.
As we are remanding this case for re-sentencing on the theft charge (as it is being reduced from grand theft to petit theft), the trial court is directed to correct the error with the original scoresheet and sentence Appellant anew with respect to all four of the convictions, with petit theft replacing the grand theft conviction.
Conclusion
Appellant’s conviction for grand theft is reversed and remanded with instructions to impose a judgment of guilt of petit theft. Appellant is also entitled to a new sentencing hearing on all counts, utilizing a corrected scoresheet.

Reversed and remanded.

Damoorgian and Gerber, JJ., concur.