DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GOLDBOURNE ONEIL HENRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2501

[January 23, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 14-009673CF10A.

Carey Haughwout, Public Defender, and Brad R. Schlesinger, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Goldbourne Henry appeals his convictions for burglary of a dwelling and grand theft. He also raises the issue of the imposition of a public defender fee which exceeds the statutory minimum without the showing to justify the higher fee. We reverse the grand theft conviction and the $400 public defender fee and remand the case for resentencing. We affirm on all other issues.

The primary witness ("the witness") against Henry was a co-defendant who testified for the state after entering an open plea. This witness described using his gold Mercury to drive Henry and another man to an apartment complex. While the witness acted as a lookout, Henry and the other man entered an apartment. When they were away from the car, the witness called Henry multiple times to see what was happening. Henry and his accomplice returned with a television and other items. They loaded their booty into the car and transported it to the witness's house for storage.

The witness was arrested hours later. A police search of his home pursuant to a warrant uncovered stolen credit cards, jewelry, and a television. A detective obtained consent to search the witness's cell phone; he discovered 22 calls during the time of the burglary between the witness and a person with the contact name of "GB." At trial, the witness testified that he inputted "GB" into his phone as the contact name for Goldbourne Henry. As further evidence of Henry's identification as the burglar, the state offered evidence that Henry's fingerprint was lifted off of a soda can recovered from a bedroom closet in the burgled house.

*The defendant was entitled to a judgment of acquittal*
*on the grand theft charge*

Henry first challenges the denial of his motion for judgment of acquittal as to the grand theft charge because the state failed to prove that the fair market value of the stolen items exceeded $300.00.

A trial court's ruling on a motion for judgment of acquittal is reviewed *de novo*. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Id.*

In order to prove grand theft, the state must prove that the value of the stolen items was at least $300. § 812.014(2)(c)1., Fla. Stat. (2014). Section 812.012(10)(a)1., Florida Statutes (2014), defines "value" as "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense."

This court has "adopted a two-pronged test for determining whether the evidence adduced at trial to prove the value of the stolen property is sufficient to withstand a motion for judgment of acquittal." *Mansfield v. State*, 954 So. 2d 74, 76 (Fla. 4th DCA 2007) (citing *Gilbert v. State*, 817 So. 2d 980 (Fla. 4th DCA 2002); *I.T. v. State*, 796 So. 2d 1220 (Fla. 4th DCA 2001)). "First, the court must ascertain whether the person testifying is competent to testify to the value of the property." *Id.* (citing *I.T.*, 796 So. 2d at 1221). Second, "the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft." *Id.* (quoting *Gilbert*, 817 So. 2d at 982). "Absent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the

percentage of depreciation since its purchase or construction." *Id.* at 76-77 (quoting *Gilbert*, 817 So. 2d at 982).

In this case, the victim offered only estimates of what he paid for the stolen property. Without any testimony regarding the manner in which the items had been used, their age, their general condition and quality, or the percentage of depreciation since their purchase, the victim's testimony was insufficient to prove that the present value of the stolen items was at least $300. A guesstimate of purchase price, without more, is generally insufficient to establish value in a theft case, especially one involving electronic components. *Lucky v. State*, 25 So. 3d 691, 692 (Fla. 4th DCA 2010); *Davis v. State*, 48 So. 3d 176 (Fla. 4th DCA 2010); *Doane v. State*, 847 So. 2d 1015, 1017 (Fla. 5th DCA 2003). The state argues that, in the aggregate, the value of the stolen items surpasses the $300 threshold. However, speculation cannot be so aggregated. *See Davis*, 48 So. 3d at 180 (citing *D.H. v. State*, 864 So. 2d 588 (Fla. 2d DCA 2004)).

We reverse the grand theft conviction and remand with instructions to enter judgment for the lesser included offense of petit theft and for resentencing.

*A photo of a contact information screen from the witness's iPhone was admissible for the non-hearsay purpose of establishing a connection between Henry and the witness*

Over Henry's hearsay objection, the trial court admitted a photograph of a contact information screen from the witness's iPhone. We agree with the state's contention that the photograph was non-hearsay admitted for a limited purpose. This was the photograph:



If the photograph were offered to prove Henry's telephone number, it would be hearsay under Florida's hearsay rule. Section 90.801(1)(c), Florida Statutes (2014), defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay evidence is inadmissible, except as provided by statute. § 90.802, Fla. Stat. (2014). The data entry of the phone number into the cell phone and the photograph were not made at the trial or hearing, so the photograph is hearsay if offered to establish Henry's phone number. This is so even though the witness, the person who entered the data, was available in court for cross-examination by the defense, thus eliminating one of the rationales for excluding hearsay evidence–"the lack of an opportunity to cross-examine the person who made the out-of-court statement to test the person's perception, memory, sincerity, and accuracy." Ehrhardt, *Florida Evidence* § 801.1 (2012 edition).[1] The express language of the section 90.801 definition of hearsay controls over practical considerations.

The contact information screen here at issue is tantamount to a modern-day entry in an address book. Courts have generally held a witness's address book entry to be non-hearsay when used for the limited purpose of proving association between the maker of the address book and another. *See Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999)

---

[1] Unlike the Federal Rules of Evidence, Florida has no residual exception to the hearsay rule under which this type of evidence might well be admissible. *See* Fed. R. Evid. 807.

(testimony by police detective that name and phone number of co-conspirator's girlfriend were listed in address book of principal was not hearsay because it was not offered to prove that phone number was actually girlfriend's number, but rather as circumstantial evidence of link between co-conspirator and principal, the conspiracy which involved defendant); *People v. Reed*, 439 N.E.2d 1277, 1280-81 (Ill. App. Ct. 1982) (address book found in co-conspirator's car containing defendant's name and phone number was not hearsay where entry was offered for purpose of demonstrating that co-conspirator knew defendant and officer who found the book testified at trial regarding the book); *United States v. Ellis*, 461 F.2d 962, 970 (2d Cir. 1972) ("[A]ddress books belonging to one defendant, containing names of other defendants, are not hearsay and are admissible as circumstantial evidence showing association."); *United States v. Panebianco*, 543 F.2d 447, 456-57 (2d Cir. 1976) (admission of address book entry was proper where an inference could be reasonably drawn that it was co-defendant who was listed in the address book, and when used for purpose of establishing an additional transactional link in the conspiracy, the entry "is not hearsay because what is probative is the mere existence of the entry rather than the meaning intended by the writer.").

Here, the photograph of the contact information screen was admissible for the limited purpose of linking Henry and the witness. This is the way the Eleventh Circuit has approached such evidence. In *United States v. Fuentes*, 368 F. App'x 95, 99 (11th Cir. 2010), the court held testimony that the defendant's name and phone number which appeared in the "contacts" list of a cell phone seized from his co-defendant was admissible for the limited purpose of linking co-conspirators. *See also Hudson v. Perez*, 2013 WL 5229797, *13 (S.D.N.Y. Sept. 17, 2013). In a similar case, the opponent of the evidence would be entitled to a limiting instruction, although we doubt its usefulness where the owner of the phone providing the contact information screen is available for cross-examination.

Finally, as the state concedes, it was error to impose a $400 public defender fee without giving Henry notice of his right to a hearing and without making factual findings to support fees in excess of $100. *See* § 938.29(1)(a), Fla. Stat. (2014).

On the remaining issues we find no reversible error.

*Affirmed in part, reversed in part and remanded.*

MAY and CONNER, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*