DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROD LEE BRUCE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3740

[May 15, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2016-CF-005654-AXXX-MB.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

The state charged Rod Lee Bruce with two counts of burglary and two counts of grand theft related to his break-in of two homes. On appeal, Bruce raises numerous issues, three of which we find have merit. First, with respect to the grand thefts, we agree with Bruce that the state failed to establish the stolen items were worth at least $100. Second, we accept the state's concession of error as to the improper designation of Bruce as a violent career criminal on his burglary sentences. And third, we agree with both parties that on remand for resentencing, the trial court should ensure any errors in the scoresheet from the original sentencing are not replicated. We find the remaining issues raised on appeal lack merit and decline to address them.

Bruce burglarized two homes. He took a bracelet and costume jewelry from one home, and a wallet and numerous items of jewelry from the other home. At trial, one victim identified photographs of a "gold bracelet" and testified that her daughter, who purchased it, told her that the value "was close to $300." A hearsay objection was improperly overruled. The victim

did not offer any testimony as to the value of the costume jewelry. The other victim identified photographs showing items stolen from her home and testified as to the purchase price of many of the items. The trial court denied defense counsel's motion for judgment of acquittal, which was based on the lack of evidence as to fair market value at the time of theft.

We review a trial court's ruling on a motion for judgment of acquittal de novo. *L.O. v. State*, 44 So. 3d 1290, 1293 (Fla. 4th DCA 2010). "'Value' is an essential element of grand theft that must be proven by the State beyond and to the exclusion of every reasonable doubt." *Tindal v. State*, 145 So. 3d 915, 919 (Fla. 4th DCA 2014) (quoting *Sanchez v. State*, 101 So. 3d 1283, 1286 (Fla. 4th DCA 2012)). "Value" is defined as "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)1., Fla. Stat. (2016).

In determining the sufficiency of the evidence of value, "the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth [the requisite amount] at the time of the theft." *Lucky v. State*, 25 So. 3d 691, 692 (Fla. 4th DCA 2010) (quoting *Gilbert v. State*, 817 So. 2d 980, 982 (Fla. 4th DCA 2002)). "Absent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction." *Id.* (quoting *Gilbert*, 817 So. 2d at 982). "Evidence of the purchase price and age of the stolen item, without more, is insufficient." *Tindal*, 145 So. 3d at 920.

Here, Bruce was charged with grand theft of a dwelling in violation of section 812.014(2)(d), Florida Statutes (2016), which requires that "the property stolen is valued at $100 or more, but less than $300." There was evidence of the purchase price of the items, but with the exception of the gold bracelet, purchase dates were not provided. The first victim testified that the gold bracelet was given to her "several years ago." The state also submitted photographs of the items. The state argues that based on the sheer volume of items, it can be presumed the total value was a minimum of $100. Our courts have rejected this sort of argument. *See Davis v. State*, 48 So. 3d 176, 178-80 (Fla. 4th DCA 2010) (in a case involving theft of computer, DVD player, headphones, camera, and bicycle which had a total purchase cost of more than $1,000, and a class ring with an estimated current value of $50, rejecting state's argument that "based upon the number and nature of items stolen in this case, a minimum value of at least $300 could be found"); *D.H. v. State*, 864 So. 2d 588, 589 (Fla. 2d DCA 2004) (in a case involving theft of electronics, among other items,

2

rejecting "the State's argument that the description of the items stolen, by their sheer number and type, indicates a value over $300").

The state also emphasizes that one of the items was a gold bracelet. But as *Davis* and *D.H.* indicate, even where stolen items would appear to have a minimum value based on the nature of the item, a lack of evidence as to that value is typically fatal. *See also Marrero v. State*, 71 So. 3d 881, 888-89 (Fla. 2011) (observing that where the value of the stolen item is ascertainable but the state fails to offer evidence of value, jurors may not rely on their "life experience" as to value of item in place of evidence of value). Additionally, the victim's testimony as to the purchase price of the bracelet was based on inadmissible hearsay. Thus, the jury would have had to base a finding of value solely on the photograph of the bracelet. The photographs of the stolen items do not make it apparent that the items, taken in the aggregate as to each count, were worth at least $100. Because the state did not establish the value of the stolen items at the time of the theft, we reverse the grand theft convictions and remand for the trial court to reduce those convictions to petit thefts and to resentence Bruce accordingly.

Bruce also raises sentencing issues. First, he contends he did not qualify as a violent career criminal. To designate a defendant as a violent career criminal, the sentencing court must find, among other things, that the defendant's offense was committed while serving a sentence for an enumerated felony, or within five years after the conviction or release from sentence for an enumerated felony. *See* § 775.084(1)(d)3., Fla. Stat. (2016). The record indicates the trial court found that Bruce's offense was committed within five years of his release from prison for a burglary conviction. But the sentencing exhibits reflect that Bruce was released from a prison sentence imposed for an attempted burglary. Attempted burglary is not an enumerated felony. The state concedes error. We reverse the burglary sentences and remand for a de novo sentencing hearing. *See Dixon v. State*, 41 So. 3d 990, 991 (Fla. 4th DCA 2010).

Finally, Bruce contends there are numerous scoresheet errors, including the state's inclusion in the scoresheet of certain prior convictions, the erroneous scoring of a prior attempted burglary as a level 7 offense, and the inclusion of points for a legal status violation in the absence of a basis for scoring of such points. To the extent a new scoresheet will be prepared at the de novo sentencing, this issue is moot. But the state has conceded error to an extent and has no objection to the matters being "raised and definitively resolved" at resentencing. We trust at resentencing, any errors in the original scoresheet will be corrected.

*Affirmed in part, reversed in part, and remanded with instructions.*

TAYLOR and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**